Douglas R. Ricks, OSB #044026
Christopher N. Coyle, OSB #073501
VANDEN BOS & CHAPMAN, LLP
319 SW Washington St., Ste. 520
Portland, OR 97204
Telephone: 503-241-4869
Fax: 503-241-3731

     Of Attorneys for Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 22-31873-thp11 |
| Blue Moon Property Group, LLC | APPLICATION OF DEBTOR FOR AUTHORITY TO EMPLOY ATTORNEY (Vanden Bos & Chapman, LLP) |
| Debtor-in-Possession | |

## NOTICE

If you oppose the proposed course of action or relief sought in this Application, you

must file a written objection with the bankruptcy court no later than twenty-one (21) days after

the date listed in the certificate of service below. If you do not file an objection, the court may

grant the Application without further notice or hearing. Your objection must set forth the

specific grounds for objection and your relation to the case. The objection must be received

by the clerk of court at 1050 SW 6th Avenue #700, Portland, OR 97204, by the deadline

specified above or it may not be considered. You must also serve the objection on Debtor, c/o

Douglas R. Ricks, Vanden Bos & Chapman, LLP, 319 SW Washington Street, Suite 520,

Portland, OR 97204 (503) 241-4869, within that same time. If the court sets a hearing, you

will receive a separate notice listing the hearing date, time, and other relevant information.

Page 1 of 3     APPLICATION OF Debtor FOR AUTHORITY TO EMPLOY ATTORNEY
                (Vanden Bos & Chapman, LLP)

                        VANDEN BOS & CHAPMAN, LLP
                              Attorneys at Law
                        319 SW Washington Street, Suite 520
                          Portland, Oregon 97204-2690
                               (503) 241-4869

Case 22-31873-thp11     Doc 7     Filed 11/09/22

# APPLICATION

The Applicant, Debtor-in-Possession, Blue Moon Property Group, LLC ("Debtor"), respectfully requests entry of the proposed order attached hereto as **Exhibit A** (the "Proposed Order") and represents as follows:

1.    Debtor has filed a petition under Chapter 11 of the Bankruptcy Code.

2.    Debtor wishes to employ the firm of Vanden Bos & Chapman, LLP ("VBC"), attorneys duly admitted to practice in this Court, as Debtor's attorney in this proceeding.

3.    Debtor has selected VBC for the reason that VBC has experience in matters of this character, having worked on many other Chapter 11 cases as attorneys.

4.    The professional services that VBC shall render include:  (a) to give Debtor legal advice with respect to Debtor's powers and duties as debtor-in-possession in the operation of Debtor's business; (b) to institute such adversary proceedings as are necessary in the case; (c) to represent Debtor generally in the proceedings and to propose on behalf of Debtor as a debtor-in-possession necessary applications, answers, orders, reports and other legal papers; and (d) to perform all other legal services for a debtor-in-possession or to employ an attorney for such professional services.

5.    To the best of Debtor's knowledge, VBC has no connection with the creditors or any other adverse party or its attorneys, except as disclosed in the Rule 2014 Verified Statement on file herein.

6.    VBC represents no interest adverse to the Debtor as debtor-in-possession or to the estate in the matters upon which VBC is to be engaged, except as disclosed in the Rule 2014 Verified Statement on file herein.  VBC's employment would be in the best interests of the estate.

7.    The proposed rate of compensation, subject to final court approval, is the

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

customary, hourly rates in effect when services are performed by the attorneys, legal assistants and staff who provide services to the Debtor. The proposed terms of employment are as set forth in the Attorney/Client Fee Agreement, a copy of which is attached as **Exhibit 1** to the Proposed Order which has been executed by the Debtor and VBC. The current hourly rates are as follows:

| | |
|---|---|
| Ann K. Chapman, Managing Partner | $475.00 |
| Douglas R. Ricks, Partner | $425.00 |
| Christopher N. Coyle, Partner | $415.00 |
| Colleen A. Lowry, Associate | $375.00 |
| Certified Bankruptcy Assistants | $260.00 |
| Legal Assistants | $145.00 |

These hourly rates are subject to periodic adjustment to reflect economic conditions and increased experience and expertise in this area of the law.

WHEREFORE, Debtor prays as follows:

1.    That Debtor shall be authorized to employ and appoint the firm of Vanden Bos & Chapman, LLP to represent Debtor as Debtor-in-Possession in this proceeding under Chapter 11 of the Bankruptcy Code; and

2.    Debtor further prays for entry of the Proposed Order attached hereto approving the terms and conditions of VBC's employment as set forth in the Attorney/Client Fee Agreement attached thereto as **Exhibit 1**.

DATED:  November 9, 2022

VANDEN BOS & CHAPMAN, LLP          BLUE MOON PROPERTY GROUP, LLC


By:/s/Douglas R. Ricks           By:/s/Ronald Sapp
   Douglas R. Ricks, OSB #044026      Ronald Sapp, Member
   Christopher N. Coyle, OSB #073501    Debtor-in-Possession
   Of Attorneys for Debtor-in-Possession

Page 3 of 3    APPLICATION OF Debtor FOR AUTHORITY TO EMPLOY ATTORNEY (Vanden Bos & Chapman, LLP)

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 22-31873-thp11   Doc 7   Filed 11/09/22

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 22-31873-thp11 |
| Blue Moon Property Group, LLC | ORDER FOR THE EMPLOYMENT OF COUNSEL FOR DEBTOR-IN-POSSESSION |
| Debtor-in-Possession. | (Vanden Bos & Chapman, LLP) |

THIS MATTER having come before the court upon the application of Debtor-in-

Possession, Blue Moon Property Group, LLC ("Debtor"), praying for authority to employ and

appoint the firm of Vanden Bos & Chapman, LLP ("VBC") to represent Debtor as the

Debtor-in-Possession herein, that the connections disclosed in the Rule 2014 Verified

Statement of VBC on file herein do not constitute adverse interests, that VBC represents no

interest adverse to the Debtor as Debtor-in-Possession herein on the matters upon which

VBC is to be engaged, or to the estate, (except as disclosed in the Rule 2014 Verified

Statement on file herein), that the firm's employment is necessary and would be in the best

interest of the estate, and the time for filing an objection having expired and the Court being

otherwise fully advised, it is hereby

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

**EXHIBIT A - Page 1 of 9**

ORDERED that:

1.      Debtor is authorized to employ VBC to serve as attorney to represent Debtor as Debtor-in-Possession in this proceeding under Chapter 11 of the Bankruptcy Code.  The terms and conditions of the employment of VBC, are set forth in the Attorney/Client Fee Agreement attached as **Exhibit 1**.

2.      That compensation shall be set by the Court to be paid upon Applicant's compliance with the procedures set forth in 11 U.S.C. §§330, and/or 331.

3.      This Order shall be effective only if the firm to which it applies does not hold or represent an interest adverse to the estate and is a "disinterested person" as defined by 11 U.S.C. §101(14).

###

**PRESENTED BY:**

VANDEN BOS & CHAPMAN, LLP

By:/s/Douglas R. Ricks
    Douglas R. Ricks, OSB #044026
    Christopher N. Coyle, OSB #073501
    Of Attorneys for Debtor-in-Possession

**LBR 9021-1 CERTIFICATION**
I certify that I have complied with the requirement of LBR 9021-1(a); the Order was attached to the Motion.

By:/s/Douglas R. Ricks
    Douglas R. Ricks, OSB #044026
    Christopher N. Coyle, OSB #073501

**First Class Mail:**

Blue Moon Property Group, LLC
Attn: Ronald Sapp
17600 Pacific Hwy Unit 338
Marylhurst, OR 97036

**Electronic Mail:**

The foregoing was served on all CM/ECF participants through the Court's Case Management/Electronic Case File system

Page 2 of 2    ORDER FOR THE EMPLOYMENT OF COUNSEL FOR DEBTOR (Vanden Bos & Chapman, LLP)

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

**EXHIBIT A - Page  2 of 9**

Case 22-31873-thp11   Doc 7   Filed 11/09/22

# HOURLY ATTORNEY/CLIENT CHAPTER 11 FEE AGREEMENT

**CLIENT:**       **BLUE MOON PROPERTY GROUP, LLC**

**ATTORNEY:**   **VANDEN BOS & CHAPMAN, LLP**

**DATED:**       **November 8, 2022**

Client desires to retain Attorney for but not limited to the purposes described in this Agreement and agrees to be responsible for payment of the Attorney's fees and costs as established in this Agreement. Attorney agrees to represent Client under the terms and conditions of this Agreement and to be compensated at the rates set forth in this Agreement.

Client requests and the Attorney agrees to render professional services including (a) giving the Client legal advice with respect to its business operations (b) assisting the Client in any proposed reorganization of its business (c) if authorized, filing an appropriate petition for relief under Title 11 of the United States Code; (d) giving the Client legal advice with respect to its powers and duties in any proceeding in bankruptcy; (e) proposing on behalf of the Client all necessary applications, answers, orders, reports or other legal papers; (f) performing for the Client any and all other legal services which may be necessary in connection with the filing of any petition or proceeding in bankruptcy.

Client and Attorney agree that the Attorney's compensation for services performed pursuant to this Agreement shall be the Attorney's customary hourly rates in effect at the time the services are performed for the Attorneys, legal assistants and staff who provide services for the Client. At the time of the execution of this Agreement, the current hourly rates are as follows:

| | |
|---|---|
| Ann K. Chapman, Partner | $475.00 |
| Douglas R. Ricks, Managing Partner | $425.00 |
| Christopher N. Coyle, Partner | $415.00 |
| Colleen A. Lowry, Associate | $375.00 |
| Certified Bankruptcy Assistants | $260.00 |
| Legal Assistants | $145.00 |

These hourly rates are subject to periodic adjustment to reflect economic conditions and increased experience and expertise in this area of law. Attorney's time and paralegal time is billed in minimum .10 hour increments

Client will be provided with itemized monthly statements for services rendered and expenses incurred which will be mailed on approximately the 10th of each calendar month.

<u>Retainer</u>. Attorney has requested Client, and Client agrees, to pay a Retainer in the sum of **$3,262.00 (Three Thousand, Two-Hundred Sixty-Two Dollars)** for Attorney's engagement, which shall be paid in advance of providing services under this Agreement. The fees earned and costs incurred prior to the filing a petition under Title 11 of the United States Code shall be paid from the Retainer as indicated in this

Agreement before such petition is filed with the Bankruptcy Court. Client acknowledges that payment of fees earned and costs incurred after the filing of the petition under Title 11 of the United States Code may be sought on an interim basis (monthly or quarterly) in Attorney's sole discretion with such fees and costs to be paid from the balance remaining from the Retainer or, once the Retainer is exhausted, from the Client directly.

Based on a variety of factors and confidential discussions between Attorney and Client subject to an Attorney/Client privilege, Attorney and Client agree that the Retainer is a reasonable estimate of the minimum amount of fees Attorney will expend in the case. Some of the factors which Attorney and Client considered in projecting the minimum amount of fees included the following:

a) The size of the case in terms of assets, liabilities; number of creditors;

b) The type of the debt: secured, priority and unsecured;

c) The existence of disputes or litigation, both pre or postpetition;

d) The sophistication or lack thereof of the Client;

e) The condition of the Client's books and records;

f) The possibility of postpetition litigation in which Attorney will have the obligation to defend Client;

g) The inability of Attorney to resign without Court approval;

h) The complexity of the Client's affairs;

i) The amount of Attorney fees typically incurred by a Chapter 11 Debtor for a comparable Chapter 11 cases within the District of Oregon

j) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

k) Because Attorney has a small office in terms of the number of partners and associate attorneys, and a finite amount of time available to perform work for Clients, Client acknowledges the likelihood that acceptance of Client's chapter 11 case will necessarily preclude the Attorney from accepting other significant employment or cases;

l) The time limitations dictated by the Client circumstances, which will require a prompt filing and potentially significant time incurred in connection with contested matters at the outset of the case;

m) The nature and length of the professional relationship between the Attorney and the Client;

n) The experience, reputation and ability of the Attorney; and

o) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal services properly.

Attorney and Client agree that the actual fees will likely be more than the Retainer because of a variety of factors, many of which are not within the control of Attorney or Client.  Attorney is not limited to the Retainer.  Attorney and Client acknowledge that the Bankruptcy Court is entitled to review Attorney's fees for reasonableness.  The Bankruptcy Court may reduce the amount of the Attorney's fees in such amount that it determines reasonable based on the totality of the circumstances, including a consideration of the reasonableness of the fee based on the circumstances which existed at the time the employment began, as well as a consideration of the reasonableness of the fee after the services have been rendered and the representation has concluded.  If the Bankruptcy Court requires a reduction in the amount of the Attorney's fees, Attorney and Client agree that all other terms and conditions of this fee agreement shall continue to apply.   Attorney shall not seek additional compensation from Client unless Attorney's charges for services, when calculated at Attorney's hourly rates provided for in this Agreement, plus costs incurred, exceed the Retainer.

If Attorney fails to perform the services specified in this Agreement, Client may be entitled to a refund of unearned fees, after Attorney is compensated for services under the terms and conditions of this Agreement, including reimbursement of expenses incurred and payment for services actually provided at Attorney's hourly rates set forth in this Agreement.  If permitted under applicable law, if Attorney's failure to provide services as obligated under this Agreement is caused by Client's refusal to cooperate, Client's dishonesty in testimony or in documents filed in the bankruptcy court or Client's bad faith termination of Attorney's employment without reasonable cause, then Client shall also be obligated to compensate Attorney for Attorney's fees and costs in withdrawal from representation.

Attorney and Client have discussed the Retainer in the case.  Client acknowledges that it has been informed that the total fees in the case will likely exceed the Retainer.  Client acknowledges that it has had the opportunity to confer with other counsel before the signing of this Agreement and is satisfied that the Retainer as projected by Attorney is likely less than the range of fees likely to be incurred in the case.

Client agrees, and hereby grants to Attorney, a lien upon and a security interest in, all of Client's funds in Attorney's possession on the petition date, if such funds have not been applied in payment of the fees earned and costs incurred prior to the filing a petition under Title 11 of the United States Code.

Attorney and Client agree that the existence of this Agreement shall be adequately disclosed to the Court and other interested parties, including but not limited to the United States Trustee.

Client acknowledges that the application of the Retainer is for Attorney's hourly services, not for payment of out-of-pocket costs associated with representing the Client.  **The Retainer amount shall be in addition to the filing fee of $1,738.00** for Chapter 11, which shall be paid from the separate funds of the Client.  As set forth elsewhere in this Agreement, Attorney shall have the option to require Client to perform various mailings and advance other significant costs as they become due from the Client's ongoing income.

Until the Retainer check clears and the funds are paid to Attorney's trust account, Attorney shall have the option to decline to commence representing Client. To avoid timing problems waiting for a Retainer check to clear, Attorney recommends that Retainer checks be paid in certified funds or cash.

In addition to the foregoing hourly rates, Client agrees to be responsible for payment of all costs incurred in representing the Client. Examples of such costs include filing fees, court reporter fees, long distance telephone, photocopies (whether made in the Attorney's office or an outside printing service), etc. The Attorney's "Expense Policy Statement" is attached as **Exhibit A**.

Client has been informed and acknowledges that Attorney has no responsibility to hire outside professionals such as appraisers, accountants, bookkeepers, expert witnesses, etc., unless those costs are paid in advance by the Client to the Attorney. All professionals must also be approved by the Bankruptcy Court before starting work or the Court will deny payment to the professional.

Client acknowledges it has been informed of the Court's rule requiring the filing of a "Monthly Operating Report" (Rule 2015 Report) on the Court's form by the 21st day of each succeeding month. The form of such report will be separately provided to the Client. The Client assumes all responsibility for completing said form and delivering it to the Attorney's office not later than the 15th day of the calendar month. Failure to timely file these reports can result in dismissal of the Chapter 11 proceeding.

If asked by the Attorney, Client agrees to perform all mailings required by the Bankruptcy Code or Rules. Client agrees to pay the costs thereof separately. Attorney assumes no responsibility for advancing the costs of major mailings in the case. Client acknowledges that Attorney has advised Client that there could be several major mailings during the course of a Chapter 11 case and that the costs of printing and postage for such mailings are significant costs. The Client may be required to send documents to each of Client's creditors in connection with each such mailing. Client agrees to pay mailing costs in advance of such mailings directly to the company which will be performing such mailings.

Attorney shall have the option, but not the duty, to proceed with representing Client prior to payment of the above described Retainer. If Attorney performs services prior to receipt of the Retainer, the Attorney may withdraw from representing the Client at any time prior to payment of the agreed Retainer.

Client agrees to cooperate with Attorney, to complete all forms requested by the Attorney and to provide the Attorney with all information necessary to enable the Attorney to represent the Client's best interests. If Client unreasonably declines to cooperate or should knowingly provide the Attorney with false or fraudulent information or testify untruthfully in any matter before the Court, the Client agrees that Attorney shall have the right to immediately resign.

If permitted by law, should either party find it necessary to take steps to enforce this Agreement, the costs of doing so, including reasonable Attorney fees both before trial, at trial or after appeal, as determined by the Court, will be borne by the losing party.

Client acknowledges that Attorney has advised that the actual Attorney's fees and expenses, considering the size and complexity of case, will be substantial. Client acknowledges that the Attorney has advised that under the rules of the Bankruptcy Court, the Attorney has the right to submit an application for payment of fees to the court in accordance with the court's rules, which will be done as frequently as court rules permit. Such petitions for fees, when approved, will be paid from the Client's post-petition income. Client agrees that Attorney can seek Court approval for monthly payment of services provided if the Retainer is insufficient to compensate Attorney for services rendered.

Minimum Billing Increments. Attorney charges in minimum billing increments for certain services, which Client agrees to pay, which are shown below:

| SERVICE | MINIMUM BILLING INCREMENT |
|---|---|
| Prepare letter or correspondence | .1 |
| Telephone Call | .1 |
| Listen to Voice-Mail | .1 |
| Leave Voice-Mail | .1 |
| Review Email | .1 |
| Reply to Email | .1 |
| Review Correspondence or Notices Relating to Client's Case | .1 |
| Documentation Preparation | .1 |
| Court Appearance | .1 |
| 341(a) Hearing Appearance | .1 |

Attorney strives to keep Client informed of the work Attorney is performing, and Attorney stands ready to explain its services and invoices to Client's satisfaction. If Client ever has questions regarding Attorney's charges, please let Attorney know immediately so that Attorney can attempt to resolve any concerns fairly and without delay. Also, if Client has a particular need relative to Attorney's invoicing (e.g., the billing format or timing of delivery), please let Attorney know and Attorney will try to accommodate the Client.

Client may terminate the attorney/client relationship at any time and for any reason by delivering to Attorney a written notice of termination. Attorney also reserves the right to terminate the attorney/client relationship, by delivering to Client a written notice, if Client fails to pay Attorney when due any amount Client owes Attorney, if Client fails to cooperate with Attorney or to disclose to Attorney material information, or if for any other reason Attorney feels Attorney is unable to continue an effective attorney/client relationship, in each case, to the extent permitted by the applicable rules of professional conduct, and subject to any applicable rules requiring notice and Court approval. Upon any termination, Client will remain liable for all fees, costs and

expenses incurred prior to the termination of the attorney/client relationship. Upon termination, Attorney will provide Client with the original or a copy of all Client's files in Attorney's possession, retaining a copy for Attorney in Attorney's discretion and at Attorney's cost. Once Attorney's representation is terminated, Attorney will have no obligation to inform Client of due dates, subsequent developments or the like, or to maintain any documents or dockets relating to Client's matters.

Attorney appreciates the opportunity to serve as Client's attorneys and anticipates a productive and harmonious relationship. If, however, Client becomes dissatisfied for any reason with the services Attorney has performed or Client disputes any of the fees, costs or expenses charged by Attorney, Attorney encourages Client to bring that dissatisfaction or dispute to Attorney's attention at the earliest possible time. Most problems should be rectifiable through such communication. However, should a dispute arise between Attorney and/or Client which cannot be resolved in that manner, then the Bankruptcy Court will resolve the dispute.

A solid attorney/client relationship is a two-way street. Lawyers need timely and complete cooperation and assistance from their clients just as clients need timely and complete cooperation and assistance from their lawyers. Attorney will therefore endeavor to keep Client informed of Client's matters as they progress. Similarly, Client agrees to provide Attorney with timely responses to requests for documentation and information and to make available to Attorney personnel in order that Attorney may effectively carry out its function as Client's attorneys. Bear in mind that if Attorney does not obtain such cooperation, the quality of Attorney's representation may suffer and Attorney may feel constrained to withdraw from any further work.

**THE ATTORNEY DOES NOT UNDERTAKE TO GIVE THE CLIENT TAX ADVICE. CLIENT AGREES TO CONSULT ITS OWN ACCOUNTANT OR COMPETENT TAX COUNSEL, WITH RESPECT TO ALL TAX ISSUES.**

DATED: 11-8-2022

ATTORNEY:                                          CLIENT:

VANDEN BOS & CHAPMAN, LLP         BLUE MOON PROPERTY GROUP, LLC

By:                                                        By:
    Douglas R. Ricks, Managing Partner            Ronnie Sapp
                                                            Title: Agent of Member

Attachments:                                              Initial if
                                                            Received:

    A.  Expense Policy Statement (Exhibit A)

Attorney's
Expense Policy Statement

| | |
|---|---|
| Photocopies: | $.15 per page (in house) |
| Fax: | Incoming No Charge; outgoing (including long distance) at actual telephone charges. |
| Wire Transfers: | $20.00 for all incoming/outgoing wire transfers. |
| Outside Services: | All outside entity bills are charged at actual cost. |
| Postage: | Postage, express mail and other overnight delivery or air courier services are charged at actual cost. |
| Long Distance: | Long distance telephone charges are billed to Clients at actual cost. |
| Computerized Research: | Actual (*i.e.*, invoiced) cost or, for leased or flat rate computer research services, $2.00 per minute not to exceed one-half of the lease cost or flat rate. Time associated with computerized research to be specifically identified on attorney time detail. |
| Travel: | Travel expenses are actual and Air fare is coach or economy class only. Other expenses are actual and do not include limos. Mileage is charged at the rate of allowed for federal tax deductions (currently $.585 per mile). |
| Other Personnel Charges: | Secretarial overtime is charged to Clients at $30.00 per hour if the overtime work is due to time constraints mandated by the case or the Client, not to exceed the employee's actual hourly compensation cost to the firm. |
| Pacer: | Actual cost ($.08 per page). |
| Other: | Any charges not mentioned above will be charged in accordance with the applicable U.S. Bankruptcy Court Cost Guidelines contained in Bankruptcy Rule 2016. |

In re                              )
                                   )  Case No. _____
                                   )
                                   )  RULE 2014 VERIFIED STATEMENT
Debtor(s)                          )  FOR PROPOSED PROFESSIONAL

**Note:** To file an amended version of this statement per ¶19, file a fully completed amended Rule 2014 statement on LBF #1114 and clearly identify any changes from the previous filed version.

1.  The applicant is not a creditor of the debtor except:


2.  The applicant is not an equity security holder of the debtor.

3.  The applicant is not a relative of the individual debtor.

4.  The applicant is not a relative of a general partner of the debtor (whether the debtor is an individual, corporation, or partnership).

5.  The applicant is not a partnership in which the debtor (as an individual, corporation, or partnership) is a general partner.

6.  The applicant is not a general partner of the debtor (whether debtor is an individual, corporation, or partnership).

7.  The applicant is not a corporation of which the debtor is a director, officer, or person in control.

8.  The applicant is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.

9.  The applicant is not a person in control of the debtor.

10. The applicant is not a relative of a director, officer or person in control of the debtor.

11. The applicant is not the managing agent of the debtor.

12. The applicant is not and was not an investment banker for any outstanding security of the debtor; has not been, within three years before the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor; and is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of such an investment banker.

13. The applicant has read 11 U.S.C. §101(14) and §327, and FRBP 2014(a); and the applicant's firm has no connections with the debtor(s), creditors, any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, or any District of Oregon Bankruptcy Judge, except as follows:

14. The applicant has no interest materially adverse to the interest of the estate or of any class of creditors or equity security holders.

15. Describe details of all payments made to you by either the debtor or a third party for any services rendered on the debtor's behalf within a year prior to filing of this case:

16. The debtor has the following affiliates (as defined by 11 U.S.C. §101(2)). Please list and explain the relationship between the debtor and the affiliate:

17. The applicant is not an affiliate of the debtor.

18. Assuming any affiliate of the debtor is the debtor for purposes of statements 4-13, the statements continue to be true except (list all circumstances under which proposed counsel or counsel's law firm has represented any affiliate during the past 18 months; any position other than legal counsel which proposed counsel holds in either the affiliate, including corporate officer, director, or employee; and any amount owed by the affiliate to proposed counsel or its law firm at the time of filing, and amounts paid within 18 months before filing):

19. The applicant hereby acknowledges that he/she has a duty during the progress of the case to keep the court informed of any change in the statement of facts which appear in this verified statement. In the event that any such changes occur, the applicant immediately shall file with the court an amended verified statement on LBF #1114, with the caption reflecting that it is an amended Rule 2014 statement and any changes clearly identified.

THE FOLLOWING QUESTIONS NEED BE ANSWERED ONLY IF AFFILIATES HAVE BEEN LISTED IN STATEMENT 16.

20. List the name of any affiliate which has ever filed bankruptcy, the filing date, and court where filed:

1114 (11/30/09)    Page 2 of 3

21. List the names of any affiliates which have guaranteed debt of the debtor or whose debt the debtor has guaranteed. Also include the amount of the guarantee, the date of the guarantee, and whether any security interest was given to secure the guarantee. Only name those guarantees now outstanding or outstanding within the last 18 months:

22. List the names of any affiliates which have a debtor-creditor relationship with the debtor. Also include the amount and date of the loan, the amount of any repayments on the loan and the security, if any. Only name those loans now outstanding or paid off within the last 18 months:

23. List any security interest in any property granted by the debtor to secure any debts of any affiliate not covered in statements 20 and 21. List any security interest in any property granted by the affiliate to secure any debts of the debtor not covered in statements 21 and 22. Also include the collateral, the date and nature of the security interest, the name of the creditor to whom it was granted, and the current balance of the underlying debt:

24. List the name of any affiliate who is potentially a "responsible party" for unpaid taxes of the debtor under 26 U.S.C. §6672:

I verify that the above statements are true to the extent of my present knowledge and belief.

_____
Applicant

1114 (11/30/09)     Page 3 of 3

**Continuation Statement No. 13**:

1.  Applicant's firm, Vanden Bos & Chapman, LLP ("VBC"), maintains deposit accounts at KeyBank and a credit card account at KeyBank, which is used exclusively for payments on the Court's CM/ECF System.  VBC also maintains a credit card account with Capital One for business expenses.  Both the KeyBank and Capital One credit card accounts are paid off monthly with no balance carried forward.  Attorneys and staff at VBC may have social or other professional relationships with Bankruptcy Court judges, the Clerk of the Bankruptcy Court, clerks and/or staff of the Bankruptcy Court, employees of the office of the United States Trustee, other federal employees, and individuals who are members of law firms involved in this case or who are employed by creditors or other parties in interest.  Other than with respect to the United States Bankruptcy Court for the District of Oregon and the Office of the U.S. Trustee or as otherwise outlined herein, VBC has conducted no investigation of its attorneys or staff members' employment, banking, insurance, brokerage or investment activities or familial connections in preparing this statement.

2.  The spouse of another of the Partners of Applicant is a current employee of the State of Oregon.  The State of Oregon and its respective agencies, is a potential creditor and party in interest in this case.

3.  VBC does not have banking relationships with any of the creditors in the case.

CERTIFICATE - TRUE COPY

DATE:          November 9, 2022

DOCUMENT:    APPLICATION OF DEBTOR FOR AUTHORITY TO EMPLOY
ATTORNEY (Vanden Bos & Chapman, LLP) AND RULE 2014
VERIFIED STATEMENT OF PROPOSED PROFESSIONAL (Vanden
Bos & Chapman, LLP)

       I hereby certify that I prepared the foregoing copies of the foregoing named
documents and have carefully compared the same with the originals thereof and they
are correct copies therefrom and of the whole thereof.

CERTIFICATE OF SERVICE

       I hereby certify that I served copies of the foregoing on:

Blue Moon Property Group, LLC
Attn: Ronald Sapp
17600 Pacific Hwy Unit 338
Marylhurst, OR 97036

by mailing copies of the above-named documents to each of the above in a sealed
envelope addressed to the last known address.  Each envelope was deposited into the
postal system at Portland, Oregon, on the below date, postage prepaid.

       I hereby certify that the foregoing was served on all CM/ECF participants through
the Court's Case Management/Electronic Case File system on the date set forth below.

Dated:  November 9, 2022       VANDEN BOS & CHAPMAN, LLP


By:/s/Douglas R. Ricks
    Douglas R. Ricks, OSB #044026
    Christopher N. Coyle, OSB #073501
    Of Attorneys for Debtor-in-Possession