**Below is an order of the Court.**

*Teresa H. Pearson*
**U.S. Bankruptcy Judge**

OSCMCV (3/5/20) bls

**UNITED STATES BANKRUPTCY COURT
District of Oregon**

In re
**Blue Moon Property Group, LLC**
Debtor(s)

Case No. **22−31873−thp11**

ORDER SETTING CASE MANAGEMENT CONFERENCE AND NOTICE OF POSSIBLE DISMISSAL

Pursuant to 11 U.S.C. § 1188, the court directs the debtor in possession to appear for a case management conference as follows:

**Date: 12/20/22   Time: 10:00 AM**

**Location: Video Hearing – To connect, see www.orb.uscourts.gov/video−hearings**

The purpose of the conference is to expedite the chapter 11 case by establishing early and continuing control, discouraging wasteful litigation activities, and facilitating settlement of disputed matters. Typically, matters to be discussed at the conference include the following:

1. Motions for extension of time to assume or reject leases;

2. Motions for relief from the automatic stay;

3. Adequate protection;

4. Operation of the debtor's business;

5. Fixing a date for a hearing on confirmation of plan;

6. Fixing the date by which a plan and notice to creditors and interest holders must be transmitted;

7. Fixing the date by which holders of claims and interest may vote to accept or reject the plan;

8. Fixing the date on which an equity security holder or creditor whose claim is based on a security must be the holder of record of the security in order to be eligible to vote on the plan;

9. Applications for employment of professionals and anticipated budgets for professionals employed by the debtor in possession, committees, over−secured creditors, and others who may expect to be paid from the estate;

10. Whether debtor in possession has filed all pre−petition tax returns, and if not, when the returns will be filed;

11. Whether cause exists to appoint a committee of creditors or equity security holders pursuant to 11 U.S.C. § 1102(a); and

12. The contents of a further scheduling and case management order to follow as a result of the conference.

Secured creditors, lien creditors, and others contemplating filing motions for relief from stay are advised that many of the issues typically addressed in these motions are likely to be addressed at the scheduling and case management conference. Secured creditors may prefer to refrain from filing such motions until after the conference.

In order to provide sufficient information to meaningfully discuss management of the case, **IT IS HEREBY ORDERED** that:

1. By 12/6/22, the debtor in possession must file with the court and serve on the United States Trustee:

    a. A report that details the efforts the debtor has undertaken and will undertake to attain a consensual plan of reorganization.

    b. A cash flow analysis, prepared on a weekly basis, for the upcoming 120–day period.

    c. Historical financial information for the past 3 years. If there is a seasonal variation in the debtor's income and expenses, the historical financial information must include monthly recaps of income and expenses.

    d. A statement of income and expenses since the date of filing of the petition with an indication as to the amount of paid and unpaid expenses.

    e. A monthly budget showing the expected costs of professional services that the debtor in possession expects to incur during the chapter 11 case.

2. Any party who believes that the estate is liable for attorneys' fees, other professional fees, or costs must file a monthly budget indicating the projected fees which the estate will be asked to pay.

**NOTICE IS FURTHER GIVEN** that if the debtor in possession fails to appear as required or fails to file and serve the information required by the order, this case may be dismissed or converted to a case under chapter 7 without further notice or hearing unless, at least 3 days before the date for the case management conference, a party in interest files the following with the clerk at 1050 SW 6th Ave. #700, Portland, OR 97204:

1. a written objection to dismissal or conversion, setting forth the specific grounds for the objection; and

2. a certificate showing the objection has been served on DOUGLAS R RICKS, 319 SW Washington St #520, Portland, OR 97204 and Amy E Mitchell, POB 2289, Lake Oswego OR, 97035.

###