Below is an order of the court.

*Teresa H. Pearson*
TERESA H. PEARSON
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | Case No. 22-31873-thp11 |
|---|---|
| Blue Moon Property Group, LLC | ORDER FOR THE EMPLOYMENT OF COUNSEL FOR DEBTOR-IN-POSSESSION |
| Debtor-in-Possession. | (Vanden Bos & Chapman, LLP) |

THIS MATTER having come before the court upon the application of Debtor-in-Possession, Blue Moon Property Group, LLC ("Debtor"), praying for authority to employ and appoint the firm of Vanden Bos & Chapman, LLP ("VBC") to represent Debtor as the Debtor-in-Possession herein, that the connections disclosed in the 2nd Amended Rule 2014 Verified Statement of VBC on file herein do not constitute adverse interests, that VBC represents no interest adverse to the Debtor as Debtor-in-Possession herein on the matters upon which VBC is to be engaged, or to the estate, (except as disclosed in the 2nd Amended Rule 2014 Verified Statement on file herein), that the firm's employment is necessary and would be in the best interest of the estate, and the time for filing an objection having expired and the Court being otherwise fully advised, it is hereby

Page 1 of 2    ORDER FOR THE EMPLOYMENT OF COUNSEL FOR DEBTOR (Vanden Bos & Chapman, LLP)

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 22-31873-thp11    Doc 32    Filed 12/27/22

ORDERED that:

1. Debtor is authorized to employ VBC to serve as attorney to represent Debtor as Debtor-in-Possession in this proceeding under Chapter 11 of the Bankruptcy Code. The terms and conditions of the employment of VBC, are set forth in the Attorney/Client Fee Agreement attached as **Exhibit 1**.

2. That compensation shall be set by the Court to be paid upon Applicant's compliance with the procedures set forth in 11 U.S.C. §§330, and/or 331.

3. This Order shall be effective only if the firm to which it applies does not hold or represent an interest adverse to the estate and is a "disinterested person" as defined by 11 U.S.C. §101(14).

###

**PRESENTED BY:**

VANDEN BOS & CHAPMAN, LLP

By:/s/Douglas R. Ricks
    Douglas R. Ricks, OSB #044026
    Christopher N. Coyle, OSB #073501
    Of Attorneys for Debtor-in-Possession

**LBR 9021-1 CERTIFICATION**
I certify that I have complied with the requirement of LBR 9021-1(a); the Order was attached to the Motion.

By:/s/Douglas R. Ricks
    Douglas R. Ricks, OSB #044026
    Christopher N. Coyle, OSB #073501

**First Class Mail:**

Blue Moon Property Group, LLC
Attn: Ronald Sapp
17600 Pacific Hwy Unit 338
Marylhurst, OR 97036

**Electronic Mail:**

The foregoing was served on all CM/ECF participants through the Court's Case Management/Electronic Case File system

Page 2 of 2    ORDER FOR THE EMPLOYMENT OF COUNSEL FOR DEBTOR (Vanden Bos & Chapman, LLP)

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 22-31873-thp11    Doc 32    Filed 12/27/22

# HOURLY ATTORNEY/CLIENT CHAPTER 11 FEE AGREEMENT

**CLIENT:** BLUE MOON PROPERTY GROUP, LLC

**ATTORNEY:** VANDEN BOS & CHAPMAN, LLP

**DATED:** November 8, 2022

Client desires to retain Attorney for but not limited to the purposes described in this Agreement and agrees to be responsible for payment of the Attorney's fees and costs as established in this Agreement. Attorney agrees to represent Client under the terms and conditions of this Agreement and to be compensated at the rates set forth in this Agreement.

Client requests and the Attorney agrees to render professional services including (a) giving the Client legal advice with respect to its business operations (b) assisting the Client in any proposed reorganization of its business (c) if authorized, filing an appropriate petition for relief under Title 11 of the United States Code; (d) giving the Client legal advice with respect to its powers and duties in any proceeding in bankruptcy; (e) proposing on behalf of the Client all necessary applications, answers, orders, reports or other legal papers; (f) performing for the Client any and all other legal services which may be necessary in connection with the filing of any petition or proceeding in bankruptcy.

Client and Attorney agree that the Attorney's compensation for services performed pursuant to this Agreement shall be the Attorney's customary hourly rates in effect at the time the services are performed for the Attorneys, legal assistants and staff who provide services for the Client. At the time of the execution of this Agreement, the current hourly rates are as follows:

| | |
|---|---|
| Ann K. Chapman, Partner | $475.00 |
| Douglas R. Ricks, Managing Partner | $425.00 |
| Christopher N. Coyle, Partner | $415.00 |
| Colleen A. Lowry, Associate | $375.00 |
| Certified Bankruptcy Assistants | $260.00 |
| Legal Assistants | $145.00 |

These hourly rates are subject to periodic adjustment to reflect economic conditions and increased experience and expertise in this area of law. Attorney's time and paralegal time is billed in minimum .10 hour increments

Client will be provided with itemized monthly statements for services rendered and expenses incurred which will be mailed on approximately the 10th of each calendar month.

<u>Retainer</u>. Attorney has requested Client, and Client agrees, to pay a Retainer in the sum of **$3,262.00 (Three Thousand, Two-Hundred Sixty-Two Dollars)** for Attorney's engagement, which shall be paid in advance of providing services under this Agreement. The fees earned and costs incurred prior to the filing a petition under Title 11 of the United States Code shall be paid from the Retainer as indicated in this

Agreement before such petition is filed with the Bankruptcy Court. Client acknowledges that payment of fees earned and costs incurred after the filing of the petition under Title 11 of the United States Code may be sought on an interim basis (monthly or quarterly) in Attorney's sole discretion with such fees and costs to be paid from the balance remaining from the Retainer or, once the Retainer is exhausted, from the Client directly.

Based on a variety of factors and confidential discussions between Attorney and Client subject to an Attorney/Client privilege, Attorney and Client agree that the Retainer is a reasonable estimate of the minimum amount of fees Attorney will expend in the case. Some of the factors which Attorney and Client considered in projecting the minimum amount of fees included the following:

a) The size of the case in terms of assets, liabilities; number of creditors;

b) The type of the debt: secured, priority and unsecured;

c) The existence of disputes or litigation, both pre or postpetition;

d) The sophistication or lack thereof of the Client;

e) The condition of the Client's books and records;

f) The possibility of postpetition litigation in which Attorney will have the obligation to defend Client;

g) The inability of Attorney to resign without Court approval;

h) The complexity of the Client's affairs;

i) The amount of Attorney fees typically incurred by a Chapter 11 Debtor for a comparable Chapter 11 cases within the District of Oregon

j) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

k) Because Attorney has a small office in terms of the number of partners and associate attorneys, and a finite amount of time available to perform work for Clients, Client acknowledges the likelihood that acceptance of Client's chapter 11 case will necessarily preclude the Attorney from accepting other significant employment or cases;

l) The time limitations dictated by the Client circumstances, which will require a prompt filing and potentially significant time incurred in connection with contested matters at the outset of the case;

m) The nature and length of the professional relationship between the Attorney and the Client;

n) The experience, reputation and ability of the Attorney; and

o) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal services properly.

Attorney and Client agree that the actual fees will likely be more than the Retainer because of a variety of factors, many of which are not within the control of Attorney or Client. Attorney is not limited to the Retainer. Attorney and Client acknowledge that the Bankruptcy Court is entitled to review Attorney's fees for reasonableness. The Bankruptcy Court may reduce the amount of the Attorney's fees in such amount that it determines reasonable based on the totality of the circumstances, including a consideration of the reasonableness of the fee based on the circumstances which existed at the time the employment began, as well as a consideration of the reasonableness of the fee after the services have been rendered and the representation has concluded. If the Bankruptcy Court requires a reduction in the amount of the Attorney's fees, Attorney and Client agree that all other terms and conditions of this fee agreement shall continue to apply. Attorney shall not seek additional compensation from Client unless Attorney's charges for services, when calculated at Attorney's hourly rates provided for in this Agreement, plus costs incurred, exceed the Retainer.

If Attorney fails to perform the services specified in this Agreement, Client may be entitled to a refund of unearned fees, after Attorney is compensated for services under the terms and conditions of this Agreement, including reimbursement of expenses incurred and payment for services actually provided at Attorney's hourly rates set forth in this Agreement. If permitted under applicable law, if Attorney's failure to provide services as obligated under this Agreement is caused by Client's refusal to cooperate, Client's dishonesty in testimony or in documents filed in the bankruptcy court or Client's bad faith termination of Attorney's employment without reasonable cause, then Client shall also be obligated to compensate Attorney for Attorney's fees and costs in withdrawal from representation.

Attorney and Client have discussed the Retainer in the case. Client acknowledges that it has been informed that the total fees in the case will likely exceed the Retainer. Client acknowledges that it has had the opportunity to confer with other counsel before the signing of this Agreement and is satisfied that the Retainer as projected by Attorney is likely less than the range of fees likely to be incurred in the case.

Client agrees, and hereby grants to Attorney, a lien upon and a security interest in, all of Client's funds in Attorney's possession on the petition date, if such funds have not been applied in payment of the fees earned and costs incurred prior to the filing a petition under Title 11 of the United States Code.

Attorney and Client agree that the existence of this Agreement shall be adequately disclosed to the Court and other interested parties, including but not limited to the United States Trustee.

Client acknowledges that the application of the Retainer is for Attorney's hourly services, not for payment of out-of-pocket costs associated with representing the Client. **The Retainer amount shall be in addition to the filing fee of $1,738.00** for Chapter 11, which shall be paid from the separate funds of the Client. As set forth elsewhere in this Agreement, Attorney shall have the option to require Client to perform various mailings and advance other significant costs as they become due from the Client's ongoing income.

Until the Retainer check clears and the funds are paid to Attorney's trust account, Attorney shall have the option to decline to commence representing Client. To avoid timing problems waiting for a Retainer check to clear, Attorney recommends that Retainer checks be paid in certified funds or cash.

In addition to the foregoing hourly rates, Client agrees to be responsible for payment of all costs incurred in representing the Client. Examples of such costs include filing fees, court reporter fees, long distance telephone, photocopies (whether made in the Attorney's office or an outside printing service), etc. The Attorney's "Expense Policy Statement" is attached as **Exhibit A**.

Client has been informed and acknowledges that Attorney has no responsibility to hire outside professionals such as appraisers, accountants, bookkeepers, expert witnesses, etc., unless those costs are paid in advance by the Client to the Attorney. All professionals must also be approved by the Bankruptcy Court before starting work or the Court will deny payment to the professional.

Client acknowledges it has been informed of the Court's rule requiring the filing of a "Monthly Operating Report" (Rule 2015 Report) on the Court's form by the 21st day of each succeeding month. The form of such report will be separately provided to the Client. The Client assumes all responsibility for completing said form and delivering it to the Attorney's office not later than the 15th day of the calendar month. Failure to timely file these reports can result in dismissal of the Chapter 11 proceeding.

If asked by the Attorney, Client agrees to perform all mailings required by the Bankruptcy Code or Rules. Client agrees to pay the costs thereof separately. Attorney assumes no responsibility for advancing the costs of major mailings in the case. Client acknowledges that Attorney has advised Client that there could be several major mailings during the course of a Chapter 11 case and that the costs of printing and postage for such mailings are significant costs. The Client may be required to send documents to each of Client's creditors in connection with each such mailing. Client agrees to pay mailing costs in advance of such mailings directly to the company which will be performing such mailings.

Attorney shall have the option, but not the duty, to proceed with representing Client prior to payment of the above described Retainer. If Attorney performs services prior to receipt of the Retainer, the Attorney may withdraw from representing the Client at any time prior to payment of the agreed Retainer.

Client agrees to cooperate with Attorney, to complete all forms requested by the Attorney and to provide the Attorney with all information necessary to enable the Attorney to represent the Client's best interests. If Client unreasonably declines to cooperate or should knowingly provide the Attorney with false or fraudulent information or testify untruthfully in any matter before the Court, the Client agrees that Attorney shall have the right to immediately resign.

If permitted by law, should either party find it necessary to take steps to enforce this Agreement, the costs of doing so, including reasonable Attorney fees both before trial, at trial or after appeal, as determined by the Court, will be borne by the losing party.

Page 4 – HOURLY ATTORNEY/CLIENT CHAPTER 11 FEE AGREEMENT

Form Revised 04/20/22

EXHIBIT 1 - Page 4 of 7  Case 22-31873-thp11    Doc 32    Filed 12/27/22

Client acknowledges that Attorney has advised that the actual Attorney's fees and expenses, considering the size and complexity of case, will be substantial. Client acknowledges that the Attorney has advised that under the rules of the Bankruptcy Court, the Attorney has the right to submit an application for payment of fees to the court in accordance with the court's rules, which will be done as frequently as court rules permit. Such petitions for fees, when approved, will be paid from the Client's post-petition income. Client agrees that Attorney can seek Court approval for monthly payment of services provided if the Retainer is insufficient to compensate Attorney for services rendered.

<u>Minimum Billing Increments</u>. Attorney charges in minimum billing increments for certain services, which Client agrees to pay, which are shown below:

| SERVICE | MINIMUM BILLING INCREMENT |
|---|---|
| Prepare letter or correspondence | .1 |
| Telephone Call | .1 |
| Listen to Voice-Mail | .1 |
| Leave Voice-Mail | .1 |
| Review Email | .1 |
| Reply to Email | .1 |
| Review Correspondence or Notices Relating to Client's Case | .1 |
| Documentation Preparation | .1 |
| Court Appearance | .1 |
| 341(a) Hearing Appearance | .1 |

Attorney strives to keep Client informed of the work Attorney is performing, and Attorney stands ready to explain its services and invoices to Client's satisfaction. If Client ever has questions regarding Attorney's charges, please let Attorney know immediately so that Attorney can attempt to resolve any concerns fairly and without delay. Also, if Client has a particular need relative to Attorney's invoicing (e.g., the billing format or timing of delivery), please let Attorney know and Attorney will try to accommodate the Client.

Client may terminate the attorney/client relationship at any time and for any reason by delivering to Attorney a written notice of termination. Attorney also reserves the right to terminate the attorney/client relationship, by delivering to Client a written notice, if Client fails to pay Attorney when due any amount Client owes Attorney, if Client fails to cooperate with Attorney or to disclose to Attorney material information, or if for any other reason Attorney feels Attorney is unable to continue an effective attorney/client relationship, in each case, to the extent permitted by the applicable rules of professional conduct, and subject to any applicable rules requiring notice and Court approval. Upon any termination, Client will remain liable for all fees, costs and

expenses incurred prior to the termination of the attorney/client relationship. Upon termination, Attorney will provide Client with the original or a copy of all Client's files in Attorney's possession, retaining a copy for Attorney in Attorney's discretion and at Attorney's cost. Once Attorney's representation is terminated, Attorney will have no obligation to inform Client of due dates, subsequent developments or the like, or to maintain any documents or dockets relating to Client's matters.

Attorney appreciates the opportunity to serve as Client's attorneys and anticipates a productive and harmonious relationship. If, however, Client becomes dissatisfied for any reason with the services Attorney has performed or Client disputes any of the fees, costs or expenses charged by Attorney, Attorney encourages Client to bring that dissatisfaction or dispute to Attorney's attention at the earliest possible time. Most problems should be rectifiable through such communication. However, should a dispute arise between Attorney and/or Client which cannot be resolved in that manner, then the Bankruptcy Court will resolve the dispute.

A solid attorney/client relationship is a two-way street. Lawyers need timely and complete cooperation and assistance from their clients just as clients need timely and complete cooperation and assistance from their lawyers. Attorney will therefore endeavor to keep Client informed of Client's matters as they progress. Similarly, Client agrees to provide Attorney with timely responses to requests for documentation and information and to make available to Attorney personnel in order that Attorney may effectively carry out its function as Client's attorneys. Bear in mind that if Attorney does not obtain such cooperation, the quality of Attorney's representation may suffer and Attorney may feel constrained to withdraw from any further work.

**THE ATTORNEY DOES NOT UNDERTAKE TO GIVE THE CLIENT TAX ADVICE. CLIENT AGREES TO CONSULT ITS OWN ACCOUNTANT OR COMPETENT TAX COUNSEL, WITH RESPECT TO ALL TAX ISSUES.**

DATED: 11-8-2022

**ATTORNEY:**

**VANDEN BOS & CHAPMAN, LLP**

By: _____
Douglas R. Ricks, Managing Partner

Attachments:

A. Expense Policy Statement (Exhibit A)

**CLIENT:**

**BLUE MOON PROPERTY GROUP, LLC**

By: _____
Ronnie Sapp
Title: Agent of Member

Initial if Received:

EXHIBIT "A"

Attorney's
Expense Policy Statement

| | |
|---|---|
| Photocopies: | $.15 per page (in house) |
| Fax: | Incoming No Charge; outgoing (including long distance) at actual telephone charges. |
| Wire Transfers: | $20.00 for all incoming/outgoing wire transfers. |
| Outside Services: | All outside entity bills are charged at actual cost. |
| Postage: | Postage, express mail and other overnight delivery or air courier services are charged at actual cost. |
| Long Distance: | Long distance telephone charges are billed to Clients at actual cost. |
| Computerized Research: | Actual (*i.e.*, invoiced) cost or, for leased or flat rate computer research services, $2.00 per minute not to exceed one-half of the lease cost or flat rate. Time associated with computerized research to be specifically identified on attorney time detail. |
| Travel: | Travel expenses are actual and Air fare is coach or economy class only. Other expenses are actual and do not include limos. Mileage is charged at the rate of allowed for federal tax deductions (currently $.585 per mile). |
| Other Personnel Charges: | Secretarial overtime is charged to Clients at $30.00 per hour if the overtime work is due to time constraints mandated by the case or the Client, not to exceed the employee's actual hourly compensation cost to the firm. |
| Pacer: | Actual cost ($.08 per page). |
| Other: | Any charges not mentioned above will be charged in accordance with the applicable U.S. Bankruptcy Court Cost Guidelines contained in Bankruptcy Rule 2016. |

Page 7 – HOURLY ATTORNEY/CLIENT CHAPTER 11 FEE AGREEMENT

Form Revised 04/20/22

EXHIBIT 1 - Page 7 of 7  Case 22-31873-thp11    Doc 32    Filed 12/27/22