Douglas R. Ricks, OSB #044026
Colleen A. Lowry, OSB #123743
VANDEN BOS & CHAPMAN, LLP
319 SW Washington St., Ste. 520
Portland, OR  97204
Telephone:  503-241-4869
Fax:  503-241-3731

Of Attorneys for Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Blue Moon Property Group, LLC,<br><br>Debtor-in-Possession. | Case No. 22-31873-thp11<br><br>DECLARATION OF MICHELLE BARON IN SUPPORT OF OBJECTION TO CLAIM NO. 2 OF LAKE OSWEGO CORPORATION |

I, Michelle Baron, declare as follows:

1.	I hold a 5% membership interest in Brilliant Homes LLC while Ronnie Sapp holds a 95% membership interest in Brilliant Homes LLC.

2.	Blue Moon Property Group, LLC ("Blue Moon") is the Debtor in the above referenced Oregon bankruptcy case and it is a wholly-owned subsidiary of Brilliant Homes LLC.  Brilliant Homes LLC holds a 100% membership interest in Blue Moon.

3.	On November 9, 2022, Blue Moon acquired legal title by Warranty Deed from Brilliant Homes LLC, the real property located at 3220 Southshore Blvd., Lake Oswego 97034 (the "Property").

4.	The Property has a recent chain of title as follows:  Ashley Elliott deeded the Property to Big Blue Capital Partners, LLC on February 9, 2012, who deeded the Property

DECLARATION OF MICHELLE BARON IN SUPPORT OF OBJECTION TO CLAIM NO. 2 OF LAKE OSWEGO CORPORATION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

to RenX Group, LLC on February 26, 2014, who deeded the Property to Brilliant Homes LLC on October 21, 2021, who deeded the Property to Blue Moon Property Group, LLC on November 9, 2022.

5.      In connection with the pending claim objection to the LOC claim, LOC provided Blue Moon and the Court with a Forbearance Agreement  (the "Agreement") dated September 5, 2012, between Big Blue Capital Partners, LLC ("Big Blue") and Lake Oswego Corporation ("LOC") is signed by Tracey Baron, manager of Big Blue.  The Agreement states that Big Blue agrees to pay all assessments dating back to when Ashley Elliott owned the Property and shall be binding upon "successors and assigns."

6.      I was not a party to the Agreement between Big Blue and LOC signed on September 5, 2012, and until the Agreement was brought up in this bankruptcy case, I did not have any knowledge of its existence or the obligations that Big Blue had agreed to with LOC.  I had no membership interest in Big Blue and I had no knowledge of the financial affairs of Big Blue or RenX Group, LLC, which was the name of the company after my ex-husband changed the name from Big Blue to RenX Group, LLC in 2013.

7.      My ex-husband, Tracey Baron, told his bookkepper and accountant not to speak to me about the financial affairs of his business dealings.

8.      I married Tracey Baron on February 14, 2013.  I first filed for divorce from Tracey Baron on November 15, 2015, Case No. DR15110469, Clackamas County Circuit Court, State of Oregon.  However, there was a reconciliation and that case was dismissed in 2016.  I filed for divorce a second time on May 1, 2020, Case No. 20DR07430, Clackamas County Circuit Court, State of Oregon.  I was unable to find Tracey Baron in order to have him served and the second divorce filing was dismissed.

DECLARATION OF MICHELLE BARON IN SUPPORT OF OBJECTION TO CLAIM NO. 2 OF LAKE OSWEGO CORPORATION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

9.      I filed for divorce a third time on November 20, 2021; Tracey Baron was served and he did not respond; and I was divorced on December 10, 2021.

10.      I have a current restraining order against Tracey Baron because of his threats of violence.  See attached **Exhibit A**, Order of Protection, Case No. 20PO06762, Clackamas County Circuit Court, State of Oregon.

11.      At some point prior to June 21, 2018, Tracey Baron changed the ownership and management of RenX Group, LLC, making me the managing member. I disclosed this interest in connection with my own personal bankruptcy case (Case No. 18-32159-tmb7), which resulted in the interest in RenX Group, LLC being abandoned by the bankruptcy estate to me.   I only started investigating my ex-husband's business dealings in 2019 after my personal bankruptcy and as I was preparing to file for the divorce a second time.  Up until that time, I made zero decisions in his companies and I had zero knowledge of anything.

12.      I re-organized RenX Group, LLC with the Oregon Secretary of State on May 3, 2021 as registry number 181841199 and I filed Articles of Organization.  *See* attached **Exhibit B**.  Thereafter, I signed the Bargain and Sale Deed transferring legal title to the Property from RenX Group, LLC to Brilliant Homes LLC on October 27, 2021.

13.      The Property was one of nine properties that I was awarded through my dissolution of marriage proceeding.  Tracey Baron was also awarded nine other properties through the divorce proceeding.  The Judgment of Dissolution was entered on December 10, 2021, Case No. 21DR19354, Clackamas County Circuit Court, State of Oregon.  *See* attached **Exhibit C**, paragraph 5.1.1.3. All of the properties that I was awarded were "underwater" as more was owed on them in liens (stretching back over 14 years with

DECLARATION OF MICHELLE BARON IN SUPPORT OF OBJECTION TO CLAIM NO. 2 OF LAKE OSWEGO CORPORATION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

accrued interest and attorney's fees) than they were worth by hundreds of thousands of dollars. This includes the Property, which had liens of over $500.000 in excess of its market value. They were neglected and uninhabitable in many cases.

14. Ronnie Sapp is the principal owner of Brilliant Homes LLC and he has invested hundreds of thousands of dollars into the property to make it marketable and profitable. I sold the Property to Brilliant Homes LLC with Ronnie Sapp as the principal owner because I hoped he could turn this property around. Through Ronnie Sapp's hard work he created some equity in the Property. He invested time and money in order to turn the Property around. Ronnie Sapp doesn't know my ex-husband. He has only met him on one occasion. Tracey Baron has been in and out of jail and I think he is homeless.

15. I was not associated with the earlier RenX Group, LLC entity as that was my ex-husband's company. RenX Group, LLC had dissolved with the Oregon Secretary of State on October 11, 2018. *See* attached **Exhibit D**. I was not privy to the affairs, liabilities, or obligations of the RenX Group, LLC that was a successor of Big Blue.

16. Brilliant Homes LLC and its subsidiary, Blue Moon, have no relationship to Big Blue or the RenX Group, LLC that was established by my ex-husband and which had dissolved in 2018. We are not successor entities to Big Blue or RenX Group, LLC.

17. Until becoming the managing member of RenX Group, LLC by virtue of the sole decision of Tracey Baron, I have never had any relationship with my ex-husband's businesses or knowledge of its affairs. Brilliant Homes LLC and its subsidiary, Blue Moon, should not be held liable for the debts or obligations of my ex-husband's businesses as they are completely unrelated.

/ / /

DECLARATION OF MICHELLE BARON IN SUPPORT OF OBJECTION TO CLAIM NO. 2 OF LAKE OSWEGO CORPORATION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

I hereby declare that the above statements are true to the best of my knowledge and belief; and I declare that I understand they are made for use as evidence in court and are subject to penalty of perjury.

Dated: <u>July 7, 2023</u>

<u>/s/ Michelle Baron</u>
Michelle Baron, Declarant

DECLARATION OF MICHELLE BARON IN SUPPORT OF OBJECTION TO CLAIM NO. 2 OF LAKE OSWEGO CORPORATION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

STATE OF OREGON
CLACKAMAS COUNTY COURTS
IN THE CIRCUIT COURT OF THE STATE OF OREGON FILED

FOR THE COUNTY OF CLACKAMAS

807 Main St Oregon City Oregon 97045

2022 AUG 16 AM 8: 33

| | |
|---|---|
| Michelle Anne Baron | **Case No:** 20PO06762 |
| Petitioner | |
| and | **FAMILY ABUSE PREVENTION ACT ORDER** |
| Tracey Stewart Baron | *(After Hearing)* |
| Respondent | |

**Hearing Date:** 08/15/2022

**Hearing Type:**

☐ 21 day hearing on restraining order ☐ 5 day hearing on grant of temporary custody

☐ Exceptional circumstances hearing

☐ Modification ☒ Renewal

**Parties appearing:**

☒ Petitioner ☒ Petitioner's lawyer: Jennifer Mikel

☒ Respondent ☐ Respondent's lawyer:

Appearing by telephone or video: ☐ Petitioner ☐ Respondent

**FINDINGS:**

☐ Petitioner has been the victim of abuse committed by Respondent within the 180 days before the filing of the *Petition.*

☐ Petitioner reasonably fears for their physical safety.

☐ Respondent represents a credible threat to the physical safety of Petitioner or Petitioner's children.

☒ The court finds that a person in petitioner's position would reasonably fear further acts of abuse by respondent if the order is not renewed

**FIREARMS FINDINGS:** *(if the restraining order is continued or renewed)*

At the time of the abuse, Respondent:

☐ was *or* ☐ was similarly situated to a:

  ☐ Spouse or Registered Domestic Partner of victim *(current or former)*

  ☐ Parent or guardian of victim

☐ shared a child in common with the victim *(child must be born)*

☐ was living or had lived with the victim in a sexually intimate relationship

☐ was involved or had been involved in a sexually intimate relationship with the victim

☐ was an adult related by blood or marriage to the victim

☒ The order was issued after a hearing of which Respondent received actual notice and at which respondent had the opportunity to participate.

20PO06762
ORRX
Order — Restraining Order Upheld
15668815

Verified Correct Copy of Original 8/16/2022.

Verified Correct Copy of Original 8/16/2022.

ENTERED

**ORDERS:**

☒ The restraining order issued to Petitioner on 07/28/2020 is:

    ☐ Dismissed

    ☐ Continued

    ☒ Renewed. The order will expire on *(date)* _7-27-2023_

    ☐ Modified as follows: _____

_____

_____

_____

**Except as modified above, all portions of the restraining order remain in effect.**

**A copy of this order was given to the following parties in court today:**

☒ Petitioner ☒ Respondent

The order restrains Respondent from harassing, stalking, or threatening Petitioner or Petitioner's or Respondent's children or engaging in other conduct that would place Petitioner in reasonable fear of bodily injury to Petitioner or Petitioner's or Respondent's children, AND

Respondent represents a credible threat to the physical safety of Petitioner or Petitioner's or Respondent's children, OR

This order by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against Petitioner or Respondent's children that would be reasonably expected to cause bodily injury.

☒ *(if the restraining order is continued or renewed)* Respondent is prohibited from possessing FIREARMS or AMMUNITION under state and federal law. The terms of Sections 18 and 19 of the Order (Section 11 if the Order was issued prior to January 1, 2020) remain in effect. Respondent is required to surrender firearms and ammunition and to file a *Declaration of Firearms Surrender* as ordered.

**Security for violation of this order is ☒ $5000 ☐ $**

---

## IMPORTANT NOTICE ABOUT YOUR RIGHT TO PURCHASE OR POSSESS FIREARMS AND AMMUNITION

As a result of this restraining order, it may be unlawful for Respondent to possess, receive, ship, transport, or purchase a FIREARM, including the frame or receiver of a firearm, a muffler or silencer, and any destructive device (described in 18 USC 921(a)(4)), or AMMUNITION. Respondent's ability to serve in the armed forces of the United States or to be employed in law enforcement also may be negatively affected.

Verified Correct Copy of Original 8/16/2022.

| If you have any questions about these laws, you should talk to a lawyer |
|---|

**CERTIFICATE OF COMPLIANCE WITH THE VIOLENCE AGAINST WOMEN ACT**

This protective order meets all full faith and credit requirements of the Violence Against Women Act, 18 U.S.C. 2265(1994). This court has jurisdiction over the parties and the subject matter. The respondent was afforded notice and timely opportunity to be heard as provided by the law of this jurisdiction. This order is valid and entitled to enforcement in this and all other jurisdictions.

Aug. 15, 2022

Faxed to Sheriff on __8/15/22__ (date) at __4:13__ AM/(PM) by: __MCW__ (clerk's initials)

_Verified Correct Copy of Original 8/16/2022._

## FIREARMS SURRENDER AND RETURN TERMS
### For RESPONDENTS OF PROTECTION ORDERS

The restraining order against you *may* *immediately* prohibit you from possessing firearms and ammunition and require you to surrender them. Read the firearms section of the Order carefully. Whether or not the immediate prohibition paragraph is checked, the boxed Firearm Notification tells you that state criminal law also prohibits you from possessing firearms as soon as *a hearing is held continuing the protection order or your hearing right expires.* Read your order carefully to know whether the gun ban is in effect now or will be soon.

**AS SOON AS THE PROTECTION ORDER PROHIBITS YOU from possessing firearms and ammunition, you must do ONE of the following within 24 HOURS:**

**Transfer all firearms and/or ammunition in your possession, control, or custody to Law Enforcement** (see page 2 for law enforcement agency contact information), **a Licensed Gun Dealer, or an eligible Third Party.**

1. **If transferring to a Law Enforcement Agency or Gun Dealer:** You will be issued a proof of transfer form identifying your name, the date on which firearms were transferred, and the serial number, make and model of each firearm transferred. You will need to file this with your Declaration as directed below.

2. **If transferring to an eligible Third Party:** The third party must not reside with you. You must arrange for an Oregon State Police criminal background check on the third party <u>before</u> you transfer your firearms. To arrange for the background check, you must contact a licensed gun dealer. A fee applies. The third party must complete the *Proof of Firearms Transfer* and the *Third Party Recipient's Declaration* forms provided to you. You will need to file these with your Declaration as directed below.

**AND, WITHIN 2 COURT (BUSINESS) DAYS, YOU MUST FILE A DECLARATION, WITH PROOF OF TRANSFER WITH THE CIRCOUT COURT AND THE DISTRICT ATTORNEY'S OFFICE IN CLACKAMAS COUNTY (located at 807 Main St, Oregon City, OR 97045).**

These documents will tell the court:
A. That you have no firearms or ammunition;
B. The person/agency you gave the guns & ammunition to, and other details of the transfer;
C. Or that you do not want to answer because you do not want to incriminate yourself.

The **Firearms Declarations and Proof of Transfer** are included in your service packet. They are also available at the courthouse Information Center or online at:
https://www.courts.oregon.gov/courts/clackamas/help/Pages/firearm-surrender-program.aspx

**Failure to comply with court-ordered terms about firearms possession and surrender may subject you to a contempt of court charge or a criminal charge.**

▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪

_Verified Correct Copy of Original 8/16/2022._

## OPTIONS TO TRANSFER TO LAW ENFORCEMENT

These law enforcement agencies will accept your <u>unloaded</u> firearms. Call ahead to receive specific instruction and to find out if they will also accept your ammunition.

| | | |
|---|---|---|
| **Canby Police**<br>503-266-1104<br>Firearms & Ammunition<br>Must live in Canby | **Gladstone Police**<br>503-557-2760<br>Call for information | **Lake Oswego Police**<br>503-635-0250<br>Firearms only<br>No Ammunition<br>Must live in Lake Oswego |
| **Milwaukie Police**<br>503-786-7400<br>Firearms only<br>No ammunition<br>Must live in Milwaukie | **Oregon City Police**<br>503-657-4964<br>Firearms only<br>No ammunition<br>Must live in Oregon City | **Sandy Police**<br>503-668-5566<br>Will only take surrendered firearms to be destroyed |
| **West Linn Police**<br>503-655-6214<br>Call for information | **Clackamas County Sheriff**<br>9101 SE Sunnybrook Blvd<br>503-655-8211<br>Firearms & Ammunition | **Oregon State Police**<br>503-378-3720<br>Firearms & Ammunition<br>Any office |
| Portland Police Bureau<br>Central Precinct<br>1111 SW 2nd Ave.<br>Portland, Oregon 97204<br>Hours: 24 hours/7 days a week<br>503/823-0097 | Portland Police Bureau<br>Property & Evidence Division<br>2619 NW Industrial Way<br>Portland, Oregon 97210<br>Hours: 9-12; 1-4 M-F<br>503/823-2179 | Multnomah County Sheriff's Office<br>234 SW Kendall Ct<br>Troutdale, OR 97060<br>Mon-Thurs 8- 4PM;<br>Friday 8- 3PM<br>Call 503-988-7300, option #5 to schedule |

### RETURN of firearms/ammunition:

The firearm/ammunition ban ends when the protection order expires, or earlier if dismissed by court order. The law requires you to have a background check done on yourself before law enforcement, a dealer, or a third party returns your firearms or ammunition to you.

Verified Correct Copy of Original 8/16/2022

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF _____

_____
Petitioner/Plaintiff

v.

_____
Respondent/Defendant

Case No: _____

**RESPONDENT'S/DEFENDANT'S
DECLARATION OF
FIREARMS SURRENDER**

## <u>Declaration</u>

I am the Respondent/Defendant in this case. I am subject to a court order to surrender firearms.

*Check one:*

☐ I had no firearms in my possession at the time of the court's order. I do not currently possess any firearms.

☐ All firearms and ammunition in my possession have been transferred to:

  ☐ a law enforcement agency *(name)*:_____

  ☐ a gun dealer *(name)*:_____

  ☐ a third party who does not live with me *(name)*: _____

  ☐ A proof of transfer or receipt is attached *(required)*

☐ I am asserting my constitutional right against self-incrimination. I decline to make any statement about firearms.

☐ I HAVE FILED COPIES OF THIS *DECLARATION* (AND THE *DECLARATION* FROM THIRD PARTY RECIPIENTS, IF ANY) WITH THE DISTRICT ATTORNEY *(required)*

**I hereby declare that the above statements are true to the best of my knowledge and belief. I understand they are made for use as evidence in court and I am subject to penalty for perjury.**

Submitted by Respondent/Defendant

_____
Date

_____
Signature of Respondent/Defendant

_____
Name (printed)

_____       _____       _____
Address                                            City, State, ZIP                                   Phone

*(Rev. 3-20)*

Verified Correct Copy of Original 8/16/2022

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF _____

# PROOF OF FIREARMS TRANSFER

*Complete this form if you have received firearms and ammunition*
*from the respondent/defendant named below[1]*

Name of person surrendering firearms: _____

Case #: _____

Date of transfer: _____

*RECIPIENT'S INFORMATION:*

I, *(full name)* _____ received firearms and/or

ammunition from the Respondent/Defendant named above

I am a: ☐ third party who does not live with Respondent/Defendant*
　　　　*OSP background check number: _____ *(required for third parties)*
　　　　☐ licensed gun dealer
　　　　☐ law enforcement agency representative *(agency name):*_____

☐ Ammunition was surrendered to me
☐ The following firearms were surrendered to me:

| Serial Number | Make and Model *(or description, if make/model unavailable)* |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

☐ Additional page attached

_____
Date

_____
Signature of recipient

_____
Name (printed)

---

[1] Law enforcement and gun dealers may have their own proof of transfer or receipt forms. If so, attach that document to the *Respondent's/Defendant's Declaration of Firearms Surrender.*

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF _____

_____  Case No: _____
Petitioner/Plaintiff

v.                        **THIRD PARTY RECIPIENT'S**
                          **DECLARATION OF**
                          **FIREARMS RECEIPT**

_____
Respondent/Defendant

### NOTICE TO RECIPIENT

## You are subject to criminal and/or civil penalties if:

➤ You allow Respondent/Defendant access to firearms or ammunition during the time
  they are prohibited from possession
➤ You are subject to any court order prohibiting you from possessing firearms or
  ammunition

### Declaration

I, *(full name)* _____ received firearms and/or
ammunition surrendered by Respondent/Defendant

## By my initials here ➜ _____ I swear to the court that all the following statements are true

➤ I am aware that Respondent/Defendant is subject to a court order to surrender all
  firearms and ammunition and prohibited from possessing firearms or ammunition
➤ I am not a law enforcement officer or gun dealer or not acting in my official capacity as a
  law enforcement officer or gun dealer
➤ I do not live with Respondent/Defendant
➤ I completed a Proof of Transfer listing the firearms and/or ammunition
  Respondent/Defendant surrendered to me
➤ I passed a background check by a law enforcement agency or gun dealer *(required)*

The OSP background check number is: _____

I hereby declare that the above statements are true to the best of my knowledge and belief. I
understand they are made for use as evidence in court and I am subject to penalty for perjury.

_____
Date

_____
Signature of Recipient

_____
Name (printed)

_____
Address          City, State, ZIP                    Phone

Declaration of Firearms Surrender to Third Party
Page **1** of **1**

Verified Correct Copy of Original 8/16/2022.

## Frequently Asked Questions:

## SURRENDER and RETURN OF FIREARMS
### In Clackamas County
### Protection Order Cases

### 1. Do I have to surrender (give up) my guns?

Yes, but *when* depends on what the restraining order says. Look at the Order carefully *(see question 2 below)*.

Whether you must surrender your firearms immediately, or in 30 days, or an earlier hearing date, you must also complete the *Declaration of Firearms Surrender* and file it (with *Proof of Transfer*) at the Courthouse and with the District Attorney's office. Legal deadlines apply for taking these steps. *See following questions.* The *Declaration w/Proof of Transfer* documents are included with the court papers you received. It is also available at the Information Center of the courthouse or on the court's website: https://www.courts.oregon.gov/courts/clackamas/help/Pages/firearm-surrender-program.aspx.

### 2. How much time do I have to turn over my guns?

- If the "Immediate Firearm Prohibition" box is checked – you must transfer any guns and ammunition in your possession or control **within 24 hours** to law enforcement, a licensed gun dealer, or a qualified Third Party who doesn't live with you (who passes a criminal background check).

- If the "Immediate Firearm Prohibition" box is *not* checked – you have **24 hours** from the *earlier* of (1) the passing of the deadline to request a hearing (30 days from service) or (2) a court hearing that you received notice of and at which the restraining order was continued. Even if you withdraw your request for a hearing, or don't show up at a hearing you requested, the gun ban will be in effect if the judge keeps the restraining order in effect.

### 3. How much time do I have to file the Firearms Declaration (and Proof of Transfer)?

You have **2 court days** from the time you become subject to the surrender order (see answer to Question #1, above) to file the Firearms Declaration with the court *and* District Attorney. Weekend days and holidays do not count as court days. Take or mail the documents to:

Civil Cases Unit
Room 104
Clackamas County Courthouse
807 Main St
Oregon City, Oregon 97045

Clackamas County District Attorney
Room 7
Clackamas County Courthouse
807 Main St
Oregon City, Oregon 97045

### 4. Where can I surrender my guns?

You may call any agency listed below to verify that they will accept your firearms and ammunition and to arrange how and when you may surrender them. Make sure your firearms are **unloaded** before transporting and surrendering them.

| Canby Police | Gladstone Police | Lake Oswego Police |
|---|---|---|
| 503-266-1104 | 503-557-2760 | 503-635-0250 |
| Firearms & Ammunition | Call for information | Firearms only |
| Must live in Canby | | No Ammunition |
| | | Must live in Lake Oswego |

Case 22-31873-thp11    Doc 125    Filed 07/07/23

Verified Correct Copy of Original 8/16/2022

| Milwaukie Police | Oregon City Police | Sandy Police |
|---|---|---|
| 503-786-7400 | 503-657-4964 | 503-668-5566 |
| Firearms only | Firearms only | Will only take surrendered |
| No ammunition | No ammunition | firearms to be destroyed |
| Must live in Milwaukie | Must live in Oregon City | |
| **West Linn Police** | **Clackamas County Sheriff** | **Oregon State Police** |
| 503-655-6214 | 9101 SE Sunnybrook Blvd | 503-378-3720 |
| Call for information | 503-655-8211 | Firearms & Ammunition |
| | Firearms & Ammunition | Any office |
| **Portland Police Bureau** | **Portland Police Bureau** | **Multnomah County** |
| Central Precinct | Property & Evidence Division | **Sheriff's Office** |
| 1111 SW 2nd Ave. | 2619 NW Industrial Way | 234 SW Kendall Ct |
| Portland, Oregon 97204 | Portland, Oregon 97210 | Troutdale, OR 97060 |
| Hours: 24 hours/7 days a | Hours: 9-12; 1-4 M-F | Mon-Thurs 8- 4PM; |
| week | 503/823-2179 | Friday 8- 3PM |
| 503/823-0097 | | Call 503-988-7300, option #5 |
| | | to schedule |

## 5.  How do I transport my firearms/ammunition for surrender without breaking the law?

You will not break the law for Unlawful Possession of a Firearm if:
- You have in your possession a copy of the restraining order against you <u>and</u> it was issued within the last 24 hours,
- The firearm is unloaded, and
- You are transporting it to a law enforcement agency, licensed gun dealer, or third party.

## 6.  Will I get a receipt from the law enforcement agency that is storing my guns?

Yes.  The agency will give you a receipt. The receipt will list all the guns you turn over and the type/amount of ammunition.  The agency can use the *Proof of Transfer* that is part of your *Firearms Declaration* that you file. The agency can also use their own form for this proof of transfer.

## 7.  Can I leave my guns and ammunition with a gun dealer?

Yes, if the licensed gun dealer agrees to storage firearms and ammunition for you. The dealer will likely charge you a storage fee for this service. You must get a *Proof of Transfer* from the dealer that lists the date of transfer and the serial #, make, and model of each transferred firearm.

## 8.  What if I want a friend or relative (instead of law enforcement or a gun dealer) to store my guns while the restraining order is in effect?

If your guns were not given to law enforcement or a dealer, you can turn your guns over to a friend or relative.  This person cannot live with you. You must first get a criminal background check done on this friend/relative to show that he or she is legally able to have firearms. *See Question 9, below.* If you decide to turn your guns over to a friend or relative, that Third Party must fill out and sign the *Third Party Recipient's Declaration of Firearms Receipt*.

## 9.  How do I get a firearms background check done on the person I want to store my guns?

The background check is done through a licensed gun dealer.  A small fee will be charged, and the dealer will do the check through the Oregon State Police. If the person passes the background check, you will be given an approval number to record on the *Proof of Transfer*.

2

_Verified Correct Copy of Original 8/16/2022._

### 10.　What if I don't have any firearms?

You still need to complete and file the *Firearms Declaration*. The *Declaration* sets out three choices (boxes) for your response and the first box applies in this situation.  This section states that you do not own or possess any firearms. Remember -- you must file the *Declaration* at the Courthouse within 2 court (business) days of the date you become subject to the surrender order.  *See answer to Question #1 for the date you become subject to the surrender order.*

### 11.　What happens if I don't file the Firearms Declaration?

If you are required to file the *Firearms Declaration* and do not, you are disobeying the court's order. This is a serious matter. A law enforcement officer could contact you for questioning or cite you to appear in court.  The District Attorney's (DA) office could charge you with violating a restraining order (contempt of court).  In that case, you will have the right to a court-appointed lawyer if you cannot afford to hire a lawyer.  If the judge decides after a hearing that you willfully disobeyed the restraining order by not filing the *Declaration*, you could go to jail for up to 6 months, be placed on probation, or be ordered to pay a fine of up to $500 plus the cost of your state-provided attorney.

### 12.　How do I get my firearms back from the *police or sheriff* when the restraining order no longer exists?

You must call the police or sheriff's office at the numbers provided in the *Firearms Surrender and Return Terms* and make arrangements to pick up your guns and ammunition. The police or sheriff's office will do a background check on you to be sure you are legally able to possess firearms before returning your guns and ammunition.  Take photo identification when you go to pick them up.

### 13.　How do I get my firearms back from *a friend or relative* storing them when the restraining order no longer exists?

The person storing them can return them to you.  But the law requires a background check *first* to make sure you are otherwise eligible to possess firearms.  See question 9 above for information about getting this background check done. A dealer *or* the Oregon State Police will do the check when someone is requesting the check on himself or herself.

*02/2020 rev*

**Exhibit A**
**Page 11 of 11**　　Case 22-31873-thp11　　Doc 125　　Filed 07/07/23



## Business Name Search

[New Search](#)    [Printer Friendly](#)    Business Entity Data    07-03-2023
16:35

| Registry Nbr | **Entity Type** | **Entity Status** | **Jurisdiction** | Registry Date | Next Renewal Date | Renewal Due? |
|---|---|---|---|---|---|---|
| 1818411-99 | DLLC | INA | OREGON | 05-03-2021 | | |
| **Entity Name** | RENX GROUP, LLC | | | | | |
| **Foreign Name** | | | | | | |

[New Search](#)    [Printer Friendly](#)    Associated Names

| Type | PPB | PRINCIPAL PLACE OF BUSINESS | | |
|---|---|---|---|---|
| Addr 1 | 1701 SE OAK SHORE LANE | | | |
| Addr 2 | | | | |
| CSZ | MILWAUKIE | OR | 97267 | Country | UNITED STATES OF AMERICA |

*Please click [here](#) for general information about registered agents and service of process.*

| Type | AGT | REGISTERED AGENT | Start Date | 05-03-2021 | Resign Date | |
|---|---|---|---|---|---|---|
| Name | MICHELLE | | BARON | | | |
| Addr 1 | 1701 SE OAK SHORE LANE | | | | | |
| Addr 2 | | | | | | |
| CSZ | MILWAUKIE | OR | 97267 | Country | UNITED STATES OF AMERICA | |

| Type | MAL | MAILING ADDRESS | | |
|---|---|---|---|---|
| Addr 1 | 1701 SE OAK SHORE LANE | | | |
| Addr 2 | | | | |
| CSZ | MILWAUKIE | OR | 97267 | Country | UNITED STATES OF AMERICA |

| Type | MEM | MEMBER | | Resign Date | |
|---|---|---|---|---|---|
| Name | MICHELLE | | BARON | | |
| Addr 1 | 1701 SE OAK SHORE LN | | | | |
| Addr 2 | | | | | |
| CSZ | PORTLAND | OR | 97267 | Country | UNITED STATES OF AMERICA |

[New Search](#)    [Printer Friendly](#)    Name History

| Business Entity Name | Name Type | Name Status | Start Date | End Date |
|---|---|---|---|---|
| RENX GROUP, LLC | EN | CUR | 05-03-2021 | |

Please read before ordering Copies.

New Search          Printer Friendly          Summary History

| Image Available | Action | Transaction Date | Effective Date | Status | Name/Agent Change | Dissolved By |
|---|---|---|---|---|---|---|
| | ADMINISTRATIVE DISSOLUTION | 09-08-2022 | | SYS | | |
|  | ARTICLES OF ORGANIZATION | 05-03-2021 | | FI | Agent | |

About Us | Announcements | Laws & Rules | Feedback
Policy | SOS Home | Oregon Blue Book | Oregon.gov

For comments or suggestions regarding the operation of this site,
please contact : corporation.division@sos.oregon.gov

© 2023  Oregon Secretary of State.  All Rights Reserved.

# ARTICLES OF ORGANIZATION



Corporation Division
www.filinginoregon.com

**E-FILED**
May 03, 2021
**OREGON SECRETARY OF STATE**

**REGISTRY NUMBER**

181841199

**TYPE**

DOMESTIC LIMITED LIABILITY COMPANY

**1. ENTITY NAME**

RENX GROUP, LLC

**2. MAILING ADDRESS**

1701 SE OAK SHORE LANE
MILWAUKIE OR 97267 USA

**3. PRINCIPAL PLACE OF BUSINESS**

1701 SE OAK SHORE LANE
MILWAUKIE OR 97267 USA

**4. NAME & ADDRESS OF REGISTERED AGENT**

MICHELLE BARON

1701 SE OAK SHORE LANE
MILWAUKIE OR 97267 USA

**5. ORGANIZERS**

MICHELLE BARON

1701 SE OAK SHORE LN
PORTLAND OR 97267 USA

**6. INDIVIDUALS WITH DIRECT KNOWLEDGE**

MICHELLE BARON

1701 SE OAK SHORE LN
PORTLAND OR 97267 USA

**7. INITIAL MEMBERS/MANAGERS**

**MEMBER**

MICHELLE BARON

1701 SE OAK SHORE LN
PORTLAND OR 97267 USA

**8. DURATION**

PERPETUAL


---

**9. MANAGEMENT**

This Limited Liability Company will be member-managed by one or more members

I declare, under penalty of perjury, that this document does not fraudulently conceal, fraudulently obscure, fraudulently alter or otherwise misrepresent the identity of the person or any officers, managers, members or agents of the limited liability company on behalf of which the person signs. This filing has been examined by me and is, to the best of my knowledge and belief, true, correct, and complete. Making false statements in this document is against the law and may be penalized by fines, imprisonment, or both.

By typing my name in the electronic signature field, I am agreeing to conduct business electronically with the State of Oregon. I understand that transactions and/or signatures in records may not be denied legal effect solely because they are conducted, executed, or prepared in electronic form and that if a law requires a record or signature to be in writing, an electronic record or signature satisfies that requirement.

**ELECTRONIC SIGNATURE**

**NAME**

MICHELLE BARON

**TITLE**

MRS.

**DATE SIGNED**

05-03-2021

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS

In the Matter of the Marriage of:

MICHELLE ANNE BARON,

          Petitioner,

   and

TRACEY STEWART BARON,

          Respondent.

**CASE NUMBER: 21DR19354**

**GENERAL JUDGMENT**

**(Dissolution of Marriage)**
**(Money Judgment Award)**
**(By Default)**

      This matter came before the Court on Petitioner's *Petition for Dissolution of Marriage*. Petitioner presents this general judgment of dissolution of marriage and money award by default, dissolving the parties' marriage without a hearing based on the default of Respondent. Petitioner is represented by Shelly K. Perkins. Respondent is not represented by counsel. The Court, having been presented with this form of default General Judgment (Dissolution of Marriage), the contemporaneously filed motion, declaration, and order for default, and having reviewed the records and documents on file herein, and being fully advised in the premises, **makes the following findings:**

      1.    Petitioner shall hereinafter be referred to as "Mother". Respondent shall hereinafter be referred to as "Father".

      2.    Father and Mother have irreconcilable differences which have caused the irremediable breakdown of their marriage.

**1**   **GENERAL JUDGMENT (Dissolution of Marriage) (Money Judgment Award) (By Default)**
Of Attorneys for Petitioner
Shelly K. Perkins, OSB #971687
Perkins Law, LLC
10121 SE Sunnyside Road, Suite 160
Clackamas, OR 97015
Phone: (503) 683-2256  Fax: (503) 850-4014
shelly@perklegal.com

**Exhibit C**
**Page 1 of 32**   Case 22-31873-thp11   Doc 125   Filed 07/07/23

3. The court has jurisdiction over Father and Mother.

4. Father and Mother were married in the City of Lake Oswego, County of Clackamas, and State of Oregon, on February 14, 2013, and have ever since been Father and Mother.

5. Mother is not now pregnant.

6. There are two children born as issue of this marriage, namely, Caden Stewart Baron, born in 2007, and Lili Irene Baron, born in 2010.

7. Mother has an active restraining order against Father in Clackamas County Case No. 20PO06762.

8. Father's residence or legal address is 12054 Chapin Ct., Oregon City, OR 97045; his age is fifty-two (52) years; he has not been previously married; his date of birth and social security number are confidential and such information is contained in the UTCR 2.130 Confidential Information Form.

9. Mother's residence or legal address is 17600 Pacific Highway, Suite 338, Marylhurst, OR 97036; her age is forty-five (45) years old; she has not been previously married; her date of birth and social security number are confidential and such information is contained in the UTCR 2.130 Confidential Information Form.

10. For a period of six (6) months immediately prior to the filing of her petition for dissolution, each party continuously has been, and now is, a resident and inhabitant of the state of Oregon.

11. No domestic relations suits or petitions for support pursuant to ORS 108.110 involving this marriage of Father and Mother are pending in any other court

2

**GENERAL JUDGMENT (Dissolution of Marriage) (Money Judgment Award) (By Default)**
Of Attorneys for Petitioner
Shelly K. Perkins, OSB #971687
Perkins Law, LLC
10121 SE Sunnyside Road, Suite 160
Clackamas, OR 97015
Phone: (503) 683-2256 Fax: (503) 850-4014
shelly@perklegal.com

**Exhibit C**
**Page 2 of 32**     Case 22-31873-thp11    Doc 125    Filed 07/07/23

in the state of Oregon or any other state.

    12.    The courts of the state of Oregon have exclusive jurisdiction to make child custody determinations in this matter under the provisions of the Uniform Child Custody Jurisdiction and Enforcement Act, ORS 109.701 et seq.

    13.    The parties have been separated since 2015.

    14.    The following factors have been taken into account in setting child support:

        14.1.    Father's gross monthly income is imputed to be $2,427 per month.

        14.2.    Mother's gross income is $2,167 per month.

        14.3.    Mother has union dues of $166 per month.

        14.4.    Mother and the children are medically insured through Oregon Health Plan.

        14.5.    Mother shall have 365 overnights with the children each year.

        14.6.    There is no reason to rebut the guidelines child support amount. The child support calculation worksheets are attached to this judgment as required by UTCR 8.060.

    15.    The parties shall be bound by the provision of ORS 107.452 which permits the court to reopen the case upon the motion of either party if the moving party alleges that significant assets existed at the time of the entry of the judgment and were not discovered until after the entry of the judgment.

    16.    Mother has completed the parenting seminar in accordance with

**GENERAL JUDGMENT (Dissolution of Marriage) (Money Judgment Award) (By Default)**
Of Attorneys for Petitioner
Shelly K. Perkins, OSB #971687
Perkins Law, LLC
10121 SE Sunnyside Road, Suite 160
Clackamas, OR  97015
Phone: (503) 683-2256  Fax: (503) 850-4014
shelly@perklegal.com

**Exhibit C**
**Page 3 of 32**        Case 22-31873-thp11    Doc 125    Filed 07/07/23

Clackamas County's Supplemental Local Rule, and Mother is contemporaneously

seeking an order of the Court deferring Father's parenting seminar requirement in

order for the Court to enter this default judgment.

17.     This marriage should be dissolved, and Father and Mother should be

granted the relief hereinafter set forth.

**IT IS HEREBY ORDERED:**

1.     **Termination of Marriage**. The marriage of the parties is hereby

terminated.

2.     **Custody of Children**. Mother is awarded sole legal custody and care of

the children.

2.1.     **Parenting Schedule**. The parties' parenting plan with the

children, titled Parenting Plan – Exhibit 1, is attached herewith and

incorporated herein by this reference.

2.1.1. The parenting plan shall be construed and implemented in

a way which fosters the children's best interests by providing liberal,

predictable, and wholesome time between the children and both parents.

2.2.     **Parental Rights**. Each parent shall continue to have the following

authority, to the same extent as the other parent has:

2.2.1. To inspect and receive school records, and to consult with

school staff concerning the children's welfare and education.

2.2.2. To inspect and receive governmental agency and law

enforcement records concerning the children.

**GENERAL JUDGMENT** (Dissolution of Marriage) (Money Judgment Award) (By Default)
Of Attorneys for Petitioner
Shelly K. Perkins, OSB #971687
Perkins Law, LLC
10121 SE Sunnyside Road, Suite 160
Clackamas, OR 97015
Phone: (503) 683-2256  Fax: (503) 850-4014
shelly@perklegal.com

4

**Exhibit C**
**Page 4 of 32**     Case 22-31873-thp11     Doc 125     Filed 07/07/23

2.2.3. To consult with any person who may provide care or treatment for the children and to inspect and receive the children's medical, dental and psychological records.

2.2.4. To authorize emergency medical, dental, psychological, psychiatric or other health care for the children.

2.2.5. To apply to be the children's guardian ad litem, conservator, or both.

2.3. **Notice Requirements**. Each parent shall have a continuing responsibility to:

2.3.1. Provide their home (not just mailing) address; home, work and cellular telephone numbers; and e-mail address to the other parent.

2.3.2. Notify the other parent of any emergency circumstances or substantial changes in the children's health.

2.4. **Statutory Notice**. Neither parent shall move to a residence that is more than 60 miles further distant from the other parent without giving the other parent reasonable notice of the change of residence and providing a copy of such notice to the court. ORS 107.159.

2.5. **Parent's Conduct.** Father and Mother are restrained and enjoined from making any derogatory comments about each other to, or in the presence of, the children, or in any way diminishing the love, respect, and affection that the children have for either parent.

2.6. **Name Identifiers**. Neither parent shall initiate or cause the

5

**GENERAL JUDGMENT (Dissolution of Marriage) (Money Judgment Award) (By Default)**
Of Attorneys for Petitioner
Shelly K. Perkins, OSB #971687
Perkins Law, LLC
10121 SE Sunnyside Road, Suite 160
Clackamas, OR 97015
Phone: (503) 683-2256  Fax: (503) 850-4014
shelly@perklegal.com

**Exhibit C**
**Page 5 of 32**     Case 22-31873-thp11    Doc 125    Filed 07/07/23

designation of "Father" or "Mother" or their equivalents to be used by the children with reference to any person other than their natural Mother and Father.

2.7. **Child Tax Credit.** Mother shall be entitled to claim the child tax credits for the children as dependents for state and federal tax purposes. This includes the tax designation of "Head of Household." Father shall be required to execute any documents required by any taxing agency to acknowledge this entitlement.

3. **Child Support.** Child support shall be paid as follows:

3.1. Mother is granted an award against Father in the sum of $591 per month for the child's support. The guidelines calculation worksheets are attached as Exhibit 2 and incorporated herein by this reference.

3.1.1. **Payments.** Payments shall:

3.1.1.1. Commence December 1, 2021 and continue on the same day of each month thereafter until each child ceases to qualify as a child attending school, as defined in ORS 107.108, or until the September following the child's eighteenth (18th) birthday and high school graduation. Nine percent (9%) per annum simple interest on support arrearages from the date the arrearage accrues until paid.

3.1.1.2. Be paid in accordance with a wage withholding order entered as required by ORS Chapter 25. All

**GENERAL JUDGMENT (Dissolution of Marriage) (Money Judgment Award) (By Default)**
Of Attorneys for Petitioner
Shelly K. Perkins, OSB #971687
Perkins Law, LLC
10121 SE Sunnyside Road, Suite 160
Clackamas, OR  97015
Phone: (503) 683-2256  Fax: (503) 850-4014
shelly@perklegal.com

support should be paid through the Department of Justice, P.O. Box 14506, Salem, Oregon 97309. The Department of Justice should provide collection, accounting, distribution, and enforcement services in accordance with the provisions of ORS 25.020.

3.1.1.3. Be paid directly to Mother on behalf of the children.

3.1.1.4. Be paid directly to any child beginning in the September following that child's high school graduation rather than to Mother and should continue on the first day of each month thereafter provided that child qualifies as a "child attending school" as defined in ORS 107.108.

3.1.1.5. Support shall continue through a normal break (such as summer vacation) for a child who attended school during the prior academic term and who intends to return to school after the break.

3.1.2. **Statutory Notice.** Each party should notify the Department of Justice, Division of Child Support, P.O. Box 14506, Salem, Oregon 97309 of any change in that party's home or business address set forth below within ten (10) days after such change pursuant to ORS 25.020.

4. **Additional Support Provisions.** As additional child support:

**GENERAL JUDGMENT (Dissolution of Marriage) (Money Judgment Award) (By Default)**
Of Attorneys for Petitioner
Shelly K. Perkins, OSB #971687
Perkins Law, LLC
10121 SE Sunnyside Road, Suite 160
Clackamas, OR 97015
Phone: (503) 683-2256  Fax: (503) 850-4014
shelly@perklegal.com

Neither party shall move to modify custody or parenting time, or enforce any of the terms of the parenting plan without having first complied with SLR 8.015.

    4.1.   **Health Insurance**. Mother currently insures the children through the Oregon Health Plan and shall continue to do so.  When available, Father shall purchase and maintain health insurance for the children so long as insurance is available to him at a reasonable cost.   If no health insurance is available to Father at a reasonable cost, Father should be required to pay cash medical support, and Mother shall be required to purchase and maintain health insurance for the children so long as it is available to her at a reasonable cost through her employer.  If no health insurance is available to either parent at a reasonable cost, the children shall be covered under the Oregon Health Plan.

    4.2.   **Uninsured Health Care Costs**. The parties shall each pay 50% of all the children's reasonably incurred medical, optical, hospital, dental, prescription, counseling, and orthodontic expenses that are not covered by insurance.  It is acceptable for one parent to pay the full expense for an uninsured cost whereupon the non-paying parent shall promptly reimburse the paying parent for his or her share within 30 days of the date of the paying parent's payment.

    4.3.   **Activity Expenses.**  The parties shall each pay 50% of all the children's activities in which the parties mutually agree the children should participate.  This includes registration fees, specialized equipment, special photographs, and similar expenses.  Each parent should promptly pay his or her share of the activity cost so that problems do not develop for a child.  It is acceptable for one parent to pay the full expense for an activity expense

**GENERAL JUDGMENT (Dissolution of Marriage) (Money Judgment Award) (By Default)**
Of Attorneys for Petitioner
Shelly K. Perkins, OSB #971687
Perkins Law, LLC
10121 SE Sunnyside Road, Suite 160
Clackamas, OR  97015
Phone: (503) 683-2256  Fax: (503) 850-4014
shelly@perklegal.com

whereupon the non-paying parent shall promptly reimburse the paying parent for his or her share within 30 days of the date of the paying parent's payment.

   4.4. **Extracurricular Expenses.** Father and Mother should each pay 50% of all of the children's extracurricular school expenses in which the parties mutually agree the children should participate. This includes but is not limited to school supplies, activity fees, tutoring, and special field trips, etc. It is acceptable for one parent to pay the full expense for an extracurricular expense whereupon the non-paying parent shall promptly reimburse the paying parent for his or her share within 30 days of the date of the paying parent's payment.

  5. **Division of Assets**. The party awarded a specific real property shall pay according to any creditor's repayment terms, defend, indemnify, and hold harmless the other party from any debts associated with said property. The property of the parties shall be divided as follows:

   5.1. **Real Property.** The parties' real properties shall be divided as follows:

    5.1.1. **Mother's Real Property.** Mother is hereby awarded the following real properties located at:

     5.1.1.1.  9999 NE Worden Hill Rd., Dundee, OR 97115, specifically described as The West half of the Northwest Quarter of the Northwest Quarter of Section 28, Township 3 South, Range 3 West of the Willamette Meridian in the County of Yamhill, State of Oregon.

**GENERAL JUDGMENT (Dissolution of Marriage) (Money Judgment Award) (By Default)**
Of Attorneys for Petitioner
Shelly K. Perkins, OSB #971687
Perkins Law, LLC
10121 SE Sunnyside Road, Suite 160
Clackamas, OR 97015
Phone: (503) 683-2256 Fax: (503) 850-4014
shelly@perklegal.com

5.1.1.2. 1701 SE Oak Shore Lane, Milwaukie, OR 97267, specifically described as Section 11 Township 2S Range 1E Quarter Dd Tax Lot 01400.

5.1.1.3. 3220 Southshore Blvd., Lake Oswego, OR 97034, specifically described as 585 Lake View Villas 7 Lt 557.

5.1.1.4. 30620 SW Rose Lane, Wilsonville, OR 97070, specifically described as Subdivision Subdivision Bucks Landing 3666 Pt Lt 2.

5.1.1.5. 515 NW 112th Ave., Portland, OR 97229, specifically described as 1999-060 Partition Plat, Lot Pt 2, Acres 0.28.

5.1.1.6. 912 NW 12th Street, Prineville, OR 97754, specifically described as Section 31 Township 14S Range 16E Quarter Ca Prcl 3701 Subdivision: Pp 1999-18, Parcel 2 Maptaxlot: 141631Ca03701.

5.1.1.7. 18797 Blueridge Dr., Oregon City, OR 97045, specifically described as 2112 Shenandoah #3 Lt 8 Blk 5.

5.1.1.8. 1730 SW 203rd Ave., Aloha, OR 97006, specifically described as Shadow Wood No. 5, Lot 165, Acres 0.19.

5.1.1.9. 12054 Chapin Ct., Oregon City, OR 97045, specifically described as 3071 Central Point Heights Lt 23.

5.1.2. **Father's Real Property**. Father is hereby awarded the

GENERAL JUDGMENT (Dissolution of Marriage) (Money Judgment Award) (By Default)
Of Attorneys for Petitioner
Shelly K. Perkins, OSB #971687
Perkins Law, LLC
10121 SE Sunnyside Road, Suite 160
Clackamas, OR 97015
Phone: (503) 683-2256 Fax: (503) 850-4014
shelly@perklegal.com

Exhibit C
Page 10 of 32    Case 22-31873-thp11    Doc 125    Filed 07/07/23

following real properties located at:

  5.1.2.1.  13140 SW Heather Ct., Beaverton, OR 97008, specifically described as Taliesen, Lot 10.

  5.1.2.2.  3606 SE Durango Place, Gresham, OR 97080, specifically described as Country Club Estates, Lot 11.

  5.1.2.3.  21960 Columbia Circle, Tualatin, OR 97062, specifically described as Columbia, Lot 18, Acres 0.16.

  5.1.2.4.  1910 SW 71st, Portland, OR 97225, specifically described as Sylvan Hills, Lot Pt 22, Acres 0.40.

  5.1.2.5.  5631 SE Belmont Street, Portland, OR 97225, specifically described as Mt Tabor Central Pk, Block 2, E 14 Of N 75 Of Lot 2, S 125 Of Lot 2 Exc Pt In St, Historic Property, Potential Additional Tax.

  5.1.2.6.  505 E 3rd Street, Newberg, OR 97132, specifically described as Township 3S Range.

  5.1.2.7.  3004 SE 62nd Ave., Portland, OR 97206, specifically described as Partition Plat 2020-62, Lot 1.

  5.1.2.8.  635 E Fairfield Street, Gladstone, OR 97027, specifically described as 124 City Of Gladstone Lts 5&6 Blk 84.

  5.1.2.9.  16269 NE Eugene Ct., Portland, OR 97230, specifically described as Sandstone, Block 5, Lot 11.

 5.2. **Mother's Property**. Mother is hereby awarded and shall receive

**GENERAL JUDGMENT (Dissolution of Marriage) (Money Judgment Award) (By Default)**
Of Attorneys for Petitioner
Shelly K. Perkins, OSB #971687
Perkins Law, LLC
10121 SE Sunnyside Road, Suite 160
Clackamas, OR 97015
Phone: (503) 683-2256 Fax: (503) 850-4014
shelly@perklegal.com

free from any claim of Father the following property subject to any and all dues and encumbrances which she shall pay, indemnify, and hold harmless Father therefrom:

      5.2.1. All personal property not otherwise specifically described herein that is now in her possession or which may be owned in her name alone including but not limited to personal property or bank accounts.

5.3. **Father's Property**. Father is hereby awarded and shall receive free from any claim of Mother the following property subject to any and all dues and encumbrances which he shall pay, indemnify, and hold harmless Mother therefrom:

      5.3.1. All personal property not otherwise specifically described herein that is now in his possession or which may be owned in his name alone including but not limited to personal property and bank accounts.

5.4. **Vehicles.** The following applies to the parties' vehicles which they are awarded free and clear of any interest to the other party:

      5.4.1. Mother is awarded the 2014 Mercedes 450 already in her name alone subject to any and all indebtedness that may be secured by an interest in said vehicle.

5.5. **Keys.** A party is awarded any keys that open or close property awarded to that party. This includes keys to real property, vehicles, lock boxes, computer systems, garage door openers, etc. The party having keys not belonging to property awarded to that party shall immediately deliver said keys

**12**

**GENERAL JUDGMENT (Dissolution of Marriage) (Money Judgment Award) (By Default)**
Of Attorneys for Petitioner
Shelly K. Perkins, OSB #971687
Perkins Law, LLC
10121 SE Sunnyside Road, Suite 160
Clackamas, OR 97015
Phone: (503) 683-2256  Fax: (503) 850-4014
shelly@perklegal.com

**Exhibit C**
**Page 12 of 32**    Case 22-31873-thp11   Doc 125   Filed 07/07/23

to the other party, keeping no copies for himself or herself.

5.6. **Personal Records**. A party's personal papers are specifically awarded to that party. Each party shall use their best effort now and in the future to provide the other party with that party's personal papers and records. Those include, but are not limited to birth certificates, passports, baptismal records, wills, military discharge papers, etc. Each party shall also cooperate with the other in providing financial documents that may from time to time be necessary. For example, one party may at some point in the future need a copy of a previously filed joint tax return.

5.7. **Necessary Documents.** Upon demand, each party shall make and execute any assignment, transfer, conveyance, or release as is necessary to carry out the terms of this judgment, including the transfer of legal title to any property as ordered herein. The presiding judge of this court shall have authority to execute and deliver any document as may be necessary to carry out the property transfer provisions of this judgment if requested to do so by a party.

5.8.

6. **Allocation of Debts**. The liabilities and debts of the parties shall be paid as follows:

6.1. **Mother's Debts**. Mother shall pay according to the creditor's repayment terms, defend, indemnify, and hold Father harmless from any debt in her name unless listed otherwise, and any debt incurred by her, and:

GENERAL JUDGMENT (Dissolution of Marriage) (Money Judgment Award) (By Default)
Of Attorneys for Petitioner
Shelly K. Perkins, OSB #971687
Perkins Law, LLC
10121 SE Sunnyside Road, Suite 160
Clackamas, OR 97015
Phone: (503) 683-2256  Fax: (503) 850-4014
shelly@perklegal.com

**Exhibit C**
**Page 13 of 32**    Case 22-31873-thp11    Doc 125    Filed 07/07/23

6.1.1. All credit cards or debt in her own name unless otherwise outlined herein.

6.2. **Father's Debts**. Father shall pay according to the creditor's repayment terms, defend, indemnify, and hold Mother harmless from any debt in his name unless listed otherwise, and any debt incurred by him, and:

6.2.1. All credit cards or debt in his own name unless otherwise outlined herein.

6.2.2. The joint debt owed to the IRS in the amount of $180,000.

6.3. **Termination of Joint Credit.** Neither Father nor Mother shall charge upon the credit of the other without specific permission to do so unless outlined herein. All outstanding joint credit accounts and cards which are in the names of both parties shall be immediately closed and the cards returned to the issuing creditor with instructions to close the account.

6.4. **Failure to Pay**. If either party fails to pay any debt or liability as set forth herein, the other party shall have the right, but not the obligation, to make any payment due provided the nonpaying party is given ten (10) days prior notice of the party's plan to make payment. If payment is made, the party who failed to pay shall be responsible for reimbursing the amount paid to the party who did make the payment together with interest computed at the same rate charged by the creditor on the obligation to which payment was made. Interest shall accrue from the time payment is made until full reimbursement is made.

**GENERAL JUDGMENT (Dissolution of Marriage) (Money Judgment Award) (By Default)**
Of Attorneys for Petitioner
Shelly K. Perkins, OSB #971687
Perkins Law, LLC
10121 SE Sunnyside Road, Suite 160
Clackamas, OR 97015
Phone: (503) 683-2256 Fax: (503) 850-4014
shelly@perklegal.com

**Exhibit C**
**Page 14 of 32**    Case 22-31873-thp11    Doc 125    Filed 07/07/23

6.5. **Indemnity.** Each party shall indemnify the other from any obligation assigned to him or her in this General Judgment. Such indemnification shall be construed to provide maximum protection to the indemnified party, so that the indemnifying party shall at all times assume full liability for and hold the other party harmless from all losses, damages, costs, charges, fees including but not limited to attorney fees, penalties, or expenses associated with the obligation.

7. **Life Insurance.** This judgment makes no provision for life insurance.

8. **Attorney Fees**. Father shall be required to pay Mother's attorney fees and costs if this matter is contested.

9. **Applicable Law.** This General Judgment shall be construed in accordance with the laws of the State of Oregon.

10. **Paragraph Headings.** The headings of a particular paragraphs are inserted only for convenience, and are not a part of this Judgment or a limitation of the scope of the particular paragraph to which each refers.

11. **Failure to Pay**. Either party should have the right, but not the obligation, to make any debt payment which the other party is required herein to make provided the nonpaying party is given 10 days' prior notice of the party's plan to make payment.

11.1. The party who failed to pay should reimburse the paying party the amount paid together with interest computed at the same rate charged by the creditor on the obligation to which payment was due.

**GENERAL JUDGMENT (Dissolution of Marriage) (Money Judgment Award) (By Default)**
Of Attorneys for Petitioner
Shelly K. Perkins, OSB #971687
Perkins Law, LLC
10121 SE Sunnyside Road, Suite 160
Clackamas, OR 97015
Phone: (503) 683-2256 Fax: (503) 850-4014
shelly@perklegal.com

**Exhibit C**
**Page 15 of 32**    Case 22-31873-thp11    Doc 125    Filed 07/07/23

11.2.  Interest should accrue from the time payment is made until full reimbursement is made. A party who pays the other party's debt pursuant to this provision should be authorized to deduct the amount of money so paid from any payment then or thereafter due or owing the other party, including from any obligation to pay support.

12.  **Name Change.**  Mother shall be restored to her maiden name: Michelle Anne Bevans.

<u>**MONEY AWARD—Child & Spousal Support**</u>

**Support obligation included and child/spousal support must be paid to Dept. of Justice.**

<u>Judgment Creditor Name and Address</u>:  Michelle Anne Baron
17600 Pacific Highway, Suite 338,
Marylhurst, OR  97036

<u>Judgment Creditor's Attorney's Name,
Address and Telephone Number</u>:  Shelly K. Perkins
10121 SE Sunnyside Rd., Suite 240
Clackamas, Oregon  97015
Telephone: (503) 683-2256

<u>Judgment Debtor Name, Address,
Date of Birth, and Driver's License
Number</u>:  Tracey Stewart Baron
12054 Chapin Ct.,
Oregon City, OR 97045
DOB year 1968
SSN last four 5551
ODL last four Unknown

<u>Judgment Debtor's Attorney's Name,
Address and Telephone Number</u>:  None.

<u>Others Entitled to Portion of Judgment</u>:  None.

<u>Judgment Amounts</u>:  Child Support: $591 per month.

16

**GENERAL JUDGMENT (Dissolution of Marriage) (Money Judgment Award) (By Default)**
Of Attorneys for Petitioner
Shelly K. Perkins, OSB #971687
Perkins Law, LLC
10121 SE Sunnyside Road, Suite 160
Clackamas, OR  97015
Phone: (503) 683-2256  Fax: (503) 850-4014
shelly@perklegal.com

**Exhibit C**
**Page 16 of 32**      Case 22-31873-thp11    Doc 125    Filed 07/07/23

| | | |
|---|---|---|
| 1 | | |
| 2 | Prejudgment Interest: | None. |
| 3 | Post-judgment Interest: | Nine percent (9%) per annum simple interest on support arrearages from the date the arrearage accrues until paid. |
| 4 | | |
| 5 | Periodic Accrual: | Child support award in the amount of $591 in child support |
| 6 | | accrues beginning December 1, 2021, and on the first day of each month continuing thereafter so long as the child qualifies |
| 7 | | for support.  Child support shall be paid directly to the recipient child rather than to Mother beginning the first day of September following that child's graduation from high school, |
| 8 | | and on the first day of each month thereafter provided the child qualifies as a "child attending school." |

12/9/2021 5:29:46 PM

*Todd L. Van Rysselberghe*

_____

Circuit Court Judge Todd VanRysselberghe

**Submitted by:**

*s/ Shelly K. Perkins*
_____
Shelly K. Perkins, OSB #971687
Of Attorneys for Petitioner
Dated: December 8, 2021

**Approved as to form:**

*Michelle Baron*
_____
Michelle Anne Baron, Petitioner    Digitally authenticated and verified as
Dated: 12 / 08 / 2021                required by UTCR 21.090 and ORS 84.

---

**17**   **GENERAL JUDGMENT (Dissolution of Marriage) (Money Judgment Award) (By Default)**
Of Attorneys for Petitioner
Shelly K. Perkins, OSB #971687
Perkins Law, LLC
10121 SE Sunnyside Road, Suite 160
Clackamas, OR  97015
Phone: (503) 683-2256  Fax: (503) 850-4014
shelly@perklegal.com

**Exhibit C**
**Page 17 of 32**    Case 22-31873-thp11    Doc 125    Filed 07/07/23

* * * * * * * * * * * * * * * * * * *

**NOTICE OF PERIODIC REVIEW AND MODIFICATION OF CHILD SUPPORT ORDERS
ORS 25.020(6)(b)**

If your child support case is handled by the District Attorney of the Support Enforcement Division (SED), this agency will review your child support order if at least three years have passed since the order was entered, modified, or last reviewed. (This review will take place only if a parent requests one). The purpose of this review is to see if the amount ordered is still within the guidelines for child support set out in Oregon law. The review could result in an increase or decrease of the support amount, depending on the parent's financial circumstances and the needs of the child. This "periodic review" service is provided at no cost to parents, but is available only for cases handled by the District Attorney or SED.

The support agency handling your case will also review your support order for compliance with the guidelines whenever a substantial change in circumstance has occurred

You can request this "change in circumstance" modification from the support agency. However, any support order (not just orders handled by District Attorney or SED) can be modified because of a change in circumstance, so a private attorney is able to assist you with this too. You may also represent yourself.

**NOTICE OF INCOME WITHHOLDING**

The support order is enforceable by income withholding under ORS 25.311 to 25.318, 25.351 to 25.367 and 25.722. Withholding shall occur immediately, whenever there are arrears at least equal to the support payment for one month, whenever the obligated parent requests such withholding or whenever the obligee requests withholding for good cause. The district attorney or, as appropriate, the Division of Child Support or the Department of Justice will assist in securing such withholding. Exceptions may apply in some circumstances.

Oregon law requires that payment of child support under new or modified orders be by income withholding, even if no arrearage is owed. An exception may be granted if good cause is found to exist or the parties agree in writing to another arrangement. If support payments are sent to the Department of Human Resources in Salem, the exceptions may be limited.

**NOTICE REGARDING PAYMENT OF CHILD SUPPORT**

Payment of support shall be made as provided in this judgment. The giving of gifts or making purchases of food or clothing and the like does not fulfill the obligation to pay support. Payments of support must be made as it becomes due. Failure to secure parenting time or denial of rights of parenting time are not excuses for non-payment. You must seek relief through a proper motion filed with the court if you have a problem with parenting time.

The payment of support takes priority over payment of debts and other obligations. A party who marries or accepts additional obligations of support does so with the full knowledge of that party's prior obligation under this proceeding.

Child support is based on annual income. It is the responsibility of a person with seasonable employment to budget income so that payments are made regularly throughout the year as ordered.

---

**GENERAL JUDGMENT (Dissolution of Marriage) (Money Judgment Award) (By Default)**
Of Attorneys for Petitioner
**18** Shelly K. Perkins, OSB #971687
Perkins Law, LLC
10121 SE Sunnyside Road, Suite 160
Clackamas, OR 97015
Phone: (503) 683-2256 Fax: (503) 850-4014
shelly@perklegal.com

Exhibit C
Page 18 of 32     Case 22-31873-thp11    Doc 125    Filed 07/07/23

**SUPPORT AND PARENTING TIME ARE NOT RELATED – ORS 107.106**

The terms of child support and parenting time (visitation) are designed for the child's benefit and not the parents' benefit. You must pay support even if you are not receiving visitation. You must comply with visitation orders even if you are not receiving child support.

Violation of child support orders and visitation orders is punishable by fine, imprisonment or other penalties.

Publicly funded help is available to establish, enforce, and modify child support orders. Paternity establishment services are also available. Contact your local district attorney, domestic relations court clerk, or the Department of Human Resources at (503) 378-5567 for information.

Publicly funded help may be available to establish, enforce and modify visitation orders. Forms are available to enforce visitation orders. Contact the domestic relations court clerk or civil court clerk for information.

**TERMINATION OF CHILD SUPPORT – CHILD ATTENDING SCHOOL**

Oregon law requires that both parents support each child until the child is (1) legally declared to be emancipated (2) reaches age 18, or (3) marries.

In addition to the support requirement mentioned above, both parents shall be required to support their child who is age 18 or older who (1) is unmarried, (2) is not emancipated, and (3) is regularly attending school, community college, college, university, or vocational/technical school designed to fit the child for gainful employment.

When the child reaches 18 and if the child is a child attending school at least half time, support must be paid to that child directly by one or both parents unless an exception to ORS 107.108(4) is found by the court.

The child must be enrolled in a course load of halftime or more of that determined to be full time by the educational facility. The child must comply with certain requirements in order to receive and continue to receive support while in school. The child must comply with the provisions of ORS 107.108(5).

Child support terminates when the child turns 21 years of age, regardless of whether the child has completed his or her schooling. Any support paid following the child's 21st birthday shall be voluntary.

**NOTICE OF CHANGE OF INFORMATION – ORS 25.020(8)**

Oregon law requires that both parents must inform the court and the administrator in writing of any change in the following information required within 10 days after the change:

(A) The residence, mailing or contact address, Social Security number, telephone number and driver license number of each party;

(B) The name, address and telephone number of all employers of each party;

(C) The names and dates of birth of the joint children of the parties; and

(D) Any other information required by rule adopted by the Chief Justice of the Supreme Court under ORS 1.002 (Supreme Court).

**19**

GENERAL JUDGMENT (Dissolution of Marriage) (Money Judgment Award) (By Default)
Of Attorneys for Petitioner
Shelly K. Perkins, OSB #971687
Perkins Law, LLC
10121 SE Sunnyside Road, Suite 160
Clackamas, OR 97015
Phone: (503) 683-2256  Fax: (503) 850-4014
shelly@perklegal.com

**Exhibit C**
**Page 19 of 32**    Case 22-31873-thp11    Doc 125    Filed 07/07/23

**CERTIFICATE OF READINESS PURSUANT TO UTCR 5.100**

This proposed order or judgment is ready for judicial signature because:

1. ☐    Each opposing party affected by this order or judgment has stipulated to the order or judgment, as shown by each opposing party's signature on the document being submitted.

2. ☐    Each opposing party affected by this order or judgment has approved the order or judgment, as shown by signature on the document being submitted or by written confirmation of approval sent to me.

3. ☐    I have served a copy of this order or judgment on all parties entitled to service and:
   a. ☐    no objection has been served on me.
   b. ☐    I received objections that I could not resolve with the opposing party despite reasonable efforts to do so. I have filed a copy of the objections I received and indicated which objections remain unresolved.
   c. ☐    After conferring about objections, _____ agreed to independently file any remaining objections.

4. **X**    Service is not required pursuant to subsection (3) of this rule, or by statute, rule, or otherwise.

5. ☐    This is a proposed judgment that includes an award of punitive damages and notice has been served on the Director of Crime Victims' Assistance Section as required by subsection (4) of this rule.

6. ☐    Other_____.

Dated this 8th day of December, 2021.

*s/ Shelly K. Perkins*
Shelly K. Perkins, OSB 971687
Of Attorneys for Petitioner

GENERAL JUDGMENT (Dissolution of Marriage) (Money Judgment Award) (By Default)
Of Attorneys for Petitioner
Shelly K. Perkins, OSB #971687
Perkins Law, LLC
10121 SE Sunnyside Road, Suite 160
Clackamas, OR 97015
Phone: (503) 683-2256  Fax: (503) 850-4014
shelly@perklegal.com

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS

In the Matter of the Marriage of:

MICHELLE ANNE BARON,

        Petitioner,

   and

TRACEY STEWART BARON,

        Respondent.

**CASE NUMBER: 21DR19354**

**PARENTING PLAN - EXHIBIT 1**

    This plan is intended to ensure the children's optimal development by providing continuity, stability, and predictability. While this written plan cannot address every possible situation that might occur, the parents will implement this plan in a spirit of good faith and cooperation. Petitioner shall be called "Mother" herein, and Respondent shall be called "Father" herein.

    **CHILDREN:** The minor children for whom this Parenting Plan concerns are Caden Stewart Baron, born in 2007, and Lili Irene Baron, born in 2010. Caden and Lili shall herein be referred to as the "children."

    1.    **CUSTODY.** Mother is awarded sole legal custody and care of the children.

    2.    **GENERAL PARENTING TIME.** Father and Mother shall have parenting time according to the General Parenting Time Schedule as follows:

1 | P a g e  **PARENTING PLAN - EXHIBIT 1**
Of Attorneys for Petitioner
Shelly K. Perkins OSB#971687
Perkins Law, LLC
10121 SE Sunnyside Road, Suite 160
Clackamas, OR 97015
Phone: 503-683-2256 Fax: 503-850-4014
shelly@perklegal.com

2.1.     The children shall be with Mother at all times except when they are scheduled to be with Father:

2.1.1.  Father shall have supervised parenting time two (2) times per month for two hours each block.  The supervisor shall be a neutral third party of Mother's choosing, and Father must pay the supervisor for the supervision.

2.2.     Father shall continue to have the ability to have a telephone call with the children on Wednesdays, Fridays, and Sundays at 4:00 p.m. if the children are available taking into consideration their schedule.

3.     **SUMMER.** The parties shall follow the same General Parenting Time during summer, except that Father shall have the option of having four (4) supervised blocks of two hours each. The supervisor must be a neutral third party of Mother's choosing, and Father must pay the supervisor for the supervision.

4.     **COMMUNICATION.**  The parents shall communicate through "Our Family Wizard", to improve communication and consistency between their homes. The parties may quit using OFW upon mutual agreement in writing. The parents are encouraged to communicate in writing at this time with an aspirational goal of communicating verbally in the future. The parents shall be responsive to each other regarding the children. Each parent should alert the other of any substantial changes in a child's health, including any medical diagnoses or recommended treatments, as soon as practicable.

5.     **CHILDREN AS MESSENGER PROHIBITED**.  The parents shall not use the children as a messenger between them.

2 | P a g e  **PARENTING PLAN - EXHIBIT 1**
Of Attorneys for Petitioner
Shelly K. Perkins OSB#971687
Perkins Law, LLC
10121 SE Sunnyside Road, Suite 160
Clackamas, OR  97015
Phone:  503-683-2256  Fax:  503-850-4014
shelly@perklegal.com

6. **NO SHOWS AND MAKE-UPS.** There will be no makeup parenting time if the non-custodial parent misses a scheduled time with the children.

7. **FLEXIBILITY.** Parents are encouraged to be flexible and to consider their children's best interests in the use of this plan. This plan is designed to provide a schedule to parents who have not been able to agree to a schedule on their own. Reasonable adjustments to the schedule should be considered so that important family events (e.g. funerals, weddings, graduations, family reunions, etc.) and the children's activities take place with minimal disruption or hard feelings.

8. **PARENTAL RIGHTS.** Each parent shall continue to have the following authority, to the same extent as the other parent has:

8.1. To inspect and receive school records, and to consult with school staff concerning the children's welfare and education.

8.2. To inspect and receive governmental agency and law enforcement records concerning the children.

8.3. To consult with any person who may provide care or treatment for the children and to inspect and receive their medical, dental and psychological records.

8.4. To authorize emergency medical, dental, psychological, psychiatric or other health care for the children if the custodial parent is, for practical purposes, unavailable.

8.5. To apply to be the children's guardian ad Litem, conservator, or both.

3 | P a g e **PARENTING PLAN - EXHIBIT 1**
Of Attorneys for Petitioner
Shelly K. Perkins OSB#971687
Perkins Law, LLC
10121 SE Sunnyside Road, Suite 160
Clackamas, OR 97015
Phone: 503-683-2256 Fax: 503-850-4014
shelly@perklegal.com

9.     **NOTICE REQUIREMENTS.** Each parent shall have a continuing responsibility to:

    9.1.     Provide their home (not just mailing) address; home, work and cellular telephone numbers; and e-mail address to the other parent.

    9.2.     Notify the other parent of any emergency circumstances or substantial changes in the children's health.

10.     **STATUTORY NOTICE.** Neither parent shall move to a residence that is more than 60 miles further distant from the other parent without giving the other parent reasonable notice of the change of residence and providing a copy of such notice to the court. ORS 107.159.

11.     **TEMPORARY CHANGES AND MUTUAL AGREEMENTS**.  Temporary changes or mutual agreements as to parenting time must be mutually agreed upon by the parties in writing (text, e-mail, OFW, or letter) to be binding.

12.     **PERMANENT CHANGES**.  Permanent changes to this plan can only occur by court order.

**WARNING:**

> ONE PARENT'S FAILURE TO COMPLY WITH THE RULES DOES NOT EXCUSE THE OTHER PARTY FROM FOLLOWING THE RULES. EACH PARTY HAS BEEN PUT ON NOTICE THAT AN INTENTIONAL FAILURE TO FOLLOW THE RULES OF THIS PARENTING PLAN IS PUNISHABLE THROUGH THE CONTEMPT POWERS OF THE COURT.

Of Attorneys for Petitioner
Shelly K. Perkins OSB#971687
Perkins Law, LLC
10121 SE Sunnyside Road, Suite 160
Clackamas, OR  97015
Phone:  503-683-2256  Fax:  503-850-4014
shelly@perklegal.com

# CHILD SUPPORT WORKSHEET

OAR 137-050-0700 to 137-050-0765

oregonchildsupport.gov

## 1. INCOME

| | | Michelle | Tracey | |
|---|---|---|---|---|
| | | Mother | Father | |
| **1a** | **Income** | $ 2,167.00 | $ 2,427.00 | |
| **1b** | **Additions and subtractions** | | | |
| | Add spousal support owed to the parent by anyone. | $ | $ | |
| | Subtract spousal support the parent owes to anyone. | $ | $ | |
| | Subtract mandatory union dues. | $ 166.00 | $ | |
| | Subtract cost of the parent's own health insurance. | $ 0.00 | $ 0.00 | |
| | **Income after additions and subtractions** | $ 2,001.00 | $ 2,427.00 | |
| **1c** | **Number of non-joint children** Enter the number of non-joint children for each parent. | 0 | 0 | |
| **1d** | **Number of joint minor children** Include 18-year-olds attending high school and living with a parent. | 2 | | total |
| **1e** | **Number of joint Children Attending School age 18 to 20** Exclude 18-year-olds attending high school and living with a parent. | 0 | | 2 |
| **1f** | **Total number of children** Add the number of non-joint children (line 1c), the joint minor children (line 1d), and the joint Children Attending School (line 1e) for each parent. | 2 | 2 | |
| **1g** | **Non-joint child deduction** Reference the scale using the parent's income after additions and subtractions (line 1b) and the parent's total number of children (line 1f). Divide the result by the total number of children and multiply by the number of non-joint children (line 1c). | $ 0.00 | $ 0.00 | |
| **1h** | **Adjusted income** Subtract non-joint child deduction (line 1g) from income after additions and subtractions (line 1b). Add the parents' adjusted incomes and enter amount in the "total" column. If less than zero, enter $0. | $ 2,001.00 | $ 2,427.00 | $ 4,428.00 total |
| **1i** | **Each parent's income share percentage** Each parent's adjusted income (line 1h) divided by the total. | 45.19% | 54.81% | |
| **1j** | **Income available for support** Subtract the $1253 self-support reserve from each parent's adjusted income (line 1h). If less than zero, enter $0. | $ 748.00 | $ 1,174.00 | |

## 2. BASIC SUPPORT OBLIGATION

| **2a** | **Basic support obligation (from obligation scale)** Reference the scale using the total adjusted income (line 1h) and the number of joint children (lines 1e+1d). Enter this amount in the "total" column. | | | total $ 1,078.00 |
|---|---|---|---|---|
| **2b** | **Basic support obligation after self-support reserve** Enter the lesser of: 1) basic support obligation (line 2a) multiplied by each parent's income share percentage (line 1i); or 2) the parent's income available for support (line 1j). | Michelle $ 487.15 | Tracey $ 590.85 | |

Page 1 of 6 - CHILD SUPPORT WORKSHEET  Version 3.6.2
CSF 02 0910 (Rev. 07/01/21)

**Exhibit C**
**Page 25 of 32**

Exhibit 2    Page 1

Case 22-31873-thp11    Doc 125    Filed 07/07/23

# 3. CHILD CARE COSTS

| | | Michelle | Tracey | caretaker |
|---|---|---|---|---|
| 3a | **Child care costs for joint children under 13 or disabled** Enter the cost in the column of the parent or caretaker paying the cost. Costs may not exceed the Department of Human Services maximum rate. | $ 0.00 | $ 0.00 | $ |
| 3b | **Income available for child care costs** Subtract each parent's basic support obligation (line 2b) from each parent's income available for support (line 1j). | $ 260.85 | $ 583.15 | |
| 3c | **Parents' shares of child care costs** Multiply each parent's income share percentage (line 1i) by the total of all child care costs (line 3a) and enter the lesser of that amount or income available for child care costs (line 3b). | $ 0.00 | $ 0.00 | |
| 3d | **Support obligation after adding child care costs** Add child care costs (line 3c) to the basic support obligation (line 2b). | $ 487.15 | $ 590.85 | |

# 4. HEALTH CARE COVERAGE

| | | Michelle | Tracey | |
|---|---|---|---|---|
| 4a | **Health care coverage costs for joint children** Enter the amount each parent pays for health insurance premiums, even if $0. Enter "none" if appropriate coverage is not available. | $ 0.00 | $ None | |
| 4b | **Income available for health care coverage** Subtract support obligation after adding child care costs (line 3d) from income available for support (line 1j). | $ 260.85 | $ 583.15 | |
| 4c | **Reasonable cost for health care coverage** Enter the lesser of each parent's income available for health care coverage (line 4b) or 4% of each parent's adjusted income (line 1h). Enter $0 if the parent's income (line 1a) is at or below Oregon's highest minimum wage. Round to the nearest dollar. Total the results under **total**. | $ 0.00 | $ 97.00 | **total** $ 97.00 |
| 4d | **Determine whose coverage is available at a reasonable cost** Compare each parent's health care coverage cost (line 4a) to the total reasonable cost amount (line 4c). Indicate by name who can provide coverage: neither parent, one parent, either parent, or both parents. Only include a parent with income at or below Oregon's highest minimum wage if that parent's coverage is available at no cost. | Michelle | | |
| 4e | **Order health care coverage at a higher amount?** Enter **"yes"** to find any available health care coverage reasonable in cost even though it exceeds the amount in line 4c. This may leave the parents with less than the self-support reserve (line 1j), but may not require a parent with income at or below Oregon's highest minimum wage to pay. Update line 4d. Otherwise, enter "**no**". | No | | |
| 4f | **Who will provide health care coverage?** Select the parent(s) with coverage available at a reasonable cost (line 4d) who will provide coverage. Add the costs of the selected coverage from line 4a and enter the amount in the total column. If neither parent can provide coverage now, select "either parent when available" and enter $0. | Michelle | | **total** $ 0.00 |

| 4g | Parents' percentage share of health care coverage costs<br>Divide each parent's reasonable cost for health care coverage by the total amount on line 4c. | 0.00% | 100.00% |
|----|----|----|----|
| 4h | Each parent's share of health care coverage costs<br>Multiply the total cost of health care coverage that will be ordered (line 4f) by each parent's percentage share of health care coverage costs (line 4g). | $ 0.00 | $ 0.00 |
| 4i | Support obligation after adding health care coverage costs<br>Add the support obligation after child care costs (line 3d) to each parent's share of health care coverage costs (line 4h). | $ 487.15 | $ 590.85 |

## 5. CASH MEDICAL SUPPORT

| | | election<br>y/n/c | |
|----|----|----|----|
| 5a | Cash medical support election<br>Enter "**y**" for **yes** if no appropriate health care coverage is available (line 4f). Cash medical will be included.<br><br>Enter "**n**" for **no** if appropriate health care coverage is available or if a finding will be included in the order explaining why cash medical should not be included. Cash medical will be excluded.<br><br>Enter "**c**" for **contingent** if the obligated parent will pay cash medical support whenever the obligated parent does not provide health care coverage. Contingent cash medical will be included. | n | |

| 5b | Cash medical support amount<br>If line 5a is "**y**", enter each parent's reasonable cost amount (line 4c).<br><br>If line 5a is "**n**", enter $0.<br><br>If line 5a is "**c**", enter each parent's reasonable cost amount (line 4c). | *Michelle* | *Tracey* |
|----|----|----|----|
| | | $ 0.00 | $ 0.00 |

## 6. CREDITS

| | | *Michelle* | *Tracey* | *caretaker Or agency* |
|----|----|----|----|----|
| 6a | Average number of overnights (or equivalent)<br>Enter each parent's and caretaker's average number of overnights with the joint minor children. | 365 | 0 | |
| 6b | Parenting time credit percentage<br>**This is not the same as the percentage of parenting time.**<br>Determine the appropriate parenting time credit percentage as provided in OAR 137-050-0730 using the average number of overnights (line 6a). | 100.00% | 0.00% | |
| 6c | Parenting time credit<br>Multiply the basic support obligation (line 2a) by the number of joint minor children (line 1d), divide by the number of joint children (lines 1d + 1e), and multiply by each parent's parenting time credit percentage (line 6b). | $ 1,078.00 | $ 0.00 | |

Page 3 of 6 - CHILD SUPPORT WORKSHEET  Version 3.6.2
CSF 02 0910 (Rev. 07/01/21)

Exhibit C
Page 27 of 32

Exhibit 2    Page 3

Case 22-31873-thp11    Doc 125    Filed 07/07/23

| 6d | Child care credit<br>Enter each parent's child care costs (line 3a). | $ 0.00 | $ 0.00 |
|---|---|---|---|
| 6e | Credit for health care coverage costs<br>If health care coverage will be provided (line 4f), enter the health care coverage costs (line 4a) for each providing parent. | $ 0.00 | $ 0.00 |
| 6f | Support after credits<br>Subtract credits (lines 6c, 6d, and 6e) from the support obligation after adding health care coverage costs (line 4i). This amount may be less than zero. | $ (590.85) | $ 590.85 |

## 7. WHO SHOULD PAY SUPPORT FOR MINOR CHILDREN?

| | | Michelle | Tracey |
|---|---|---|---|
| 7a | Minor children's portion of basic support obligation<br>Divide each parent's portion of the basic support obligation (line 2b) by the total number of joint children (lines 1d + 1e) and multiply by the number of minor children (line 1d). | $ 487.15 | $ 590.85 |
| 7b | Net obligation for minor children<br>Add the minor children's portion of the basic support obligation (line 7a), each parent's share of child care costs (line 3c), and the minor children's portion of health care coverage costs (line 4h divided by total of lines 1d and 1e, multiplied by line 1d). Subtract parenting time credit (line 6c), child care credit (line 6d), and the minor children's portion of health care coverage costs credit (line 6e divided by total of lines 1d and 1e, multiplied by line 1d). May be less than zero. | $ (590.85) | $ 590.85 |
| 7c | Which parent(s) should pay support for minor children?<br>Enter "Yes" in the column of the parent with the higher net support for minor children (line 7b). Enter "No" in the other parent's column. Enter "No" for both parents if the parents' line 7b figures are equal or there are no minor children (line 1d).<br><br>If the children live with a caretaker or are in state care, enter "Yes" in both columns. | No | Yes |

## 8. MINIMUM ORDER; REDUCTION FOR BENEFITS PAID TO CHILD

| | | Michelle | Tracey |
|---|---|---|---|
| 8a | Total support payment obligation, including medical support<br>To each parent's support obligation after credits (line 6f), add the greater of the health care coverage premium costs that will be ordered (line 6e) or cash medical support (line 5b). | $ (590.85) | $ 590.85 |
| 8b | Is there a need to apply an exception to the minimum order presumption?<br>If line 8a is less than $100 and the parent has an exception to the minimum order as provided in OAR 137-050-0755, enter "yes" in that parent's column. Otherwise, enter "no." | No | No |
| 8c | Amount needed to meet minimum order<br>If a parent has a total support payment obligation of less than $100 (line 8a), and does not have an exception to the minimum order (line 8b), subtract line 8a from $100. This is the increase needed to reach the $100 minimum order. Otherwise, enter $0. | $ 690.85 | $ 0.00 |

Page 4 of 6 - CHILD SUPPORT WORKSHEET Version 3.6.2
CSF 02 0910 (Rev. 07/01/21)

Exhibit C
Page 28 of 32

Exhibit 2    Page 4

Case 22-31873-thp11    Doc 125    Filed 07/07/23

| 8d | **Cash child support obligation after minimum order** | | |
| | Add amount needed to meet minimum order (line 8c) to support after credits (line 6f). But, if the parent should not pay support for minor children (line 7c), and there are no Children Attending School (line 1e), enter $0. If less than zero, enter $0. | $ 0.00 | $ 590.85 |
| 8e | **Reduction for Social Security or veterans benefits** | | |
| | Enter the amount of benefits paid to the joint child because of a parent's disability or retirement as provided in OAR 137-050-0740 in the disabled or retired parent's column. If the parent is obligated to pay support, the support obligation will be reduced by this amount. | $ 0.00 | $ 0.00 |
| 8f | **Cash child support after Social Security or veterans benefits** | | |
| | From cash child support after minimum order (line 8d), subtract reduction for Social Security or veterans benefits (line 8e). If less than zero, enter $0. | $ 0.00 | $ 590.85 |
| 8g | **Remaining reduction to apply to cash medical support** | | |
| | Enter the amount of Social Security or veterans benefits in excess of cash child support (line 8e minus line 8d). If less than zero, enter $0. | $ 0.00 | $ 0.00 |
| 8h | **Cash medical support after Social Security or veterans benefits** | | |
| | From cash medical support (line 5b), subtract remaining reduction for Social Security or veterans benefits (line 8g). If less than zero, enter $0. | $ 0.00 | $ 0.00 |

## 9. FINAL SUPPORT AMOUNTS AND MEDICAL SUPPORT PROVISIONS

| | | *Michelle* | *Tracey* |
|---|---|---|---|
| 9a | **Cash child support for minor children** | | |
| | If the parent should pay support for minor children (line 7c), divide cash child support after Social Security or veterans benefits (line 8f) by the number of joint children (lines 1d + 1e) and multiply by the number of minor children (line 1d). Round to the nearest dollar. Otherwise, enter $0. | $ 0.00 | $ 591.00 |
| 9b | **Cash medical support for minor children** | | |
| | If the parent should pay support for minor children (line 7c), divide the cash medical support amount after reductions (line 8h) by the number of joint children (lines 1d + 1e) and multiply by the number of minor children (line 1d). Round to the nearest dollar. Otherwise, enter $0. | $ 0.00 | $ 0.00 |
| 9c | **Cash child support for Children Attending School** | | |
| | Divide cash child support after Social Security or veterans benefits (line 8f) by the number of joint children (lines 1d + 1e) and multiply by the number of Children Attending School (line 1e). But, if the parent should not pay support for minor children (line 7c), enter the full amount from line 8f. Round to the nearest dollar. | $ 0.00 | $ 0.00 |
| 9d | **Cash medical support for Children Attending School** | | |
| | Divide the cash medical support amount after reductions (line 8h) by the number of joint children (lines 1d + 1e) and multiply by the number of Children Attending School (line 1e). Round to the nearest dollar. But, if the parent should not pay support for minor children (line 7c), enter the full amount from line 8h. Round to the nearest dollar. | $ 0.00 | $ 0.00 |

| 9e | **Total child support** Add all cash child support and cash medical support (lines 9a-9d). | $ 0.00 | $ 591.00 |
|---|---|---|---|
| 9f | **Private health care coverage** Who should be ordered to provide health care coverage? Enter the selection from line 4f. | Michelle | |
| 9g | **Reasonable cost for health care coverage** Enter the "total" reasonable in cost amount from line 4c. But, if health care coverage will be ordered at a higher amount (line 4e) enter *the greater of* 1) the line 4c total, or 2) the line 4f total. | $ 97.00 | |

## 10. AGREED SUPPORT AMOUNT (optional)
Only complete this section if the parties agree to a change in the support amount.
The parents may increase or decrease the support amount by up to 15%.

| | | *Michelle* | *Tracey* |
|---|---|---|---|
| 10a | **Maximum permitted change** Multiply each parent's total adjusted child support (line 9e) by 0.15. | $ 0.00 | $ 88.65 |
| 10b | **Amount of agreed change to child support obligation (+/-)** | $ | $ |
| 10c | **Actual percentage change** Divide the amount of agreed change (line 10b) by total child support (line 9e). | | |
| 10d | **Agreed cash child support obligation for minor children** Increase or decrease line 9a by the actual percentage change (line 10c). Round to the nearest dollar. | $ | $ |
| 10e | **Agreed cash medical support obligation for minor children** Increase or decrease line 9b by the actual percentage change (line 10c). Round to the nearest dollar. | $ | $ |
| 10f | **Agreed cash child support obligation for Children Attending School** Increase or decrease line 9c by the actual percentage change (line 10c). Round to the nearest dollar. | $ | $ |
| 10g | **Agreed cash medical support obligation for Children Attending School** Increase or decrease line 9d by the actual percentage change (line 10c). Round to the nearest dollar. | $ | $ |
| 10h | **Total agreed child support** Add all agreed cash child support and cash medical support (lines 10d-10g). | $ | $ |

**PARENTING TIME WORKSHEET**
**OAR 137-050-0730**

**Use this worksheet to help determine the average parenting time overnights when calculating child support for more than one child and there are different parenting time amounts for each child.**

**Enter the number of parenting time overnights (based on a two-year average) each party has with each child.** A party can be a parent, a caretaker, or the state if the child is in state care.

For help calculating parenting time under a parenting plan, see the Parenting Plan Calculator at
oregonchildsupport.gov/calculator/parenting_time

**Include a Child Attending School age 18, living with a parent, and attending high school. Do not include any other Child Attending School.**

|  | Overnights | | |
|---|---|---|---|
| Children's names | Michelle | Tracey | |
| Caden | 365 | 0 | 0 |
| Lili | 365 | 0 | 0 |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| a | Total the number of overnights for each party | 730 | 0 | |
| b | Enter the total number of minor children | 2 | | |
| c | Divide the total number of overnights for each party (line a) by the total number of children (line b). This is the party's average parenting time overnights for the minor children. | 365 | 0 | |

# CHILD SUPPORT CALCULATION SUMMARY

oregonchildsupport.gov

> This calculation summary is not an order. It is a summary of the type and amount of support that could be ordered based on this calculation. An individual's actual obligation can only be established by court or administrative order in accordance with the laws of Oregon.
> For the actual terms of the judgment, see the judgment and money award.

**The monthly guideline support amount for _Michelle_ is:**

| | |
|---|---|
| Support for the minor children | $ 0.00 |
| Support for the children attending school | $ 0.00 |
| Cash medical support | $ 0.00 |
| Private health care coverage for the children not to exceed $ 0.00 | |

**The total monthly guideline support amount is:** $ 0.00

**The monthly guideline support amount for _Tracey_ is:**

| | |
|---|---|
| Support for the minor children | $ 591.00 |
| Support for the children attending school | $ 0.00 |
| Cash medical support | $ 0.00 |
| Private health care coverage for the children not to exceed N/A | |

**The total monthly guideline support amount is:** $ 591.00



## Business Name Search

New Search     Printer Friendly

<h1>Business Entity Data</h1>

07-03-2023
16:10

| Registry Nbr | Entity Type | Entity Status | Jurisdiction | Registry Date | Next Renewal Date | Renewal Due? |
|---|---|---|---|---|---|---|
| 827230-90 | DLLC | INA | OREGON | 01-17-2012 | | |
| **Entity Name** | RENX GROUP, LLC | | | | | |
| **Foreign Name** | | | | | | |

New Search     Printer Friendly

<h1>Associated Names</h1>

| Type | PPB | PRINCIPAL PLACE OF BUSINESS | | |
|---|---|---|---|---|
| **Addr 1** | C/O 6915 SW MACADAM AVE STE 300 | | | |
| **Addr 2** | | | | |
| **CSZ** | PORTLAND | OR | 97219 | Country | UNITED STATES OF AMERICA |

*Please click here for general information about registered agents and service of process.*

| Type | AGT | REGISTERED AGENT | Start Date | 09-12-2016 | Resign Date | 07-10-2018 |
|---|---|---|---|---|---|---|
| **Name** | ANDREW | D | GLASCOCK | | | |
| **Addr 1** | 6915 SW MACADAM AVE STE 300 | | | | | |
| **Addr 2** | | | | | | |
| **CSZ** | PORTLAND | OR | 97219 | Country | UNITED STATES OF AMERICA | |

| Type | MAL | MAILING ADDRESS | | |
|---|---|---|---|---|
| **Addr 1** | C/O 6915 SW MACADAM AVE STE 300 | | | |
| **Addr 2** | | | | |
| **CSZ** | PORTLAND | OR | 97219 | Country | UNITED STATES OF AMERICA |

| Type | MEM | MEMBER | | Resign Date | |
|---|---|---|---|---|---|
| **Name** | TRACEY | BARON | | | |
| **Addr 1** | 1701 SE OAK SHORE LN | | | | |
| **Addr 2** | | | | | |
| **CSZ** | MILWAUKIE | OR | 97267 | Country | UNITED STATES OF AMERICA |

New Search     Printer Friendly

<h1>Name History</h1>

**EXHIBIT D - Page 1 of 4**

| Business Entity Name | Name Type | Name Status | Start Date | End Date |
|---|---|---|---|---|
| RENX GROUP, LLC | EN | CUR | 11-13-2013 | |
| BIG BLUE CAPITAL LLC | EN | PRE | 01-17-2012 | 11-13-2013 |

Please read before ordering Copies.

New Search     Printer Friendly     ## Summary History

| Image Available | Action | Transaction Date | Effective Date | Status | Name/Agent Change | Dissolved By |
|---|---|---|---|---|---|---|
| | ADMINISTRATIVE DISSOLUTION | 10-11-2018 | | SYS | | |
| | NOTICE RESIGNED AGENT OF 30 DAYS | 08-16-2018 | | SYS | | |
| | AGENT RESIGNATION | 07-10-2018 | | FI | Agent | |
| | AMENDED ANNUAL REPORT | 01-03-2018 | | FI | | |
| | AMENDED ANNUAL REPORT | 02-22-2017 | | FI | | |
| | AMNDMT TO ANNUAL RPT/INFO STATEMENT | 09-12-2016 | | FI | Agent | |
| | AMENDED ANNUAL REPORT | 01-21-2016 | | FI | Agent | |
| | AMNDMT TO ANNUAL RPT/INFO STATEMENT | 10-20-2015 | | FI | Agent | |
| | AMNDMT TO ANNUAL RPT/INFO STATEMENT | 07-23-2015 | | FI | Agent | |
| | AGENT RESIGNATION | 06-19-2015 | | FI | Agent | |
| | CHANGE OF REGISTERED AGENT/ADDRESS | 02-07-2015 | | FI | Agent | |
| | AGENT RESIGNATION | 02-07-2015 | | FI | Agent | |
| | AMENDED ANNUAL REPORT | 12-13-2014 | | FI | | |
| | AMNDMT TO ANNUAL RPT/INFO STATEMENT | 11-15-2014 | | FI | Agent | |
| | AMENDED ANNUAL REPORT | 12-11-2013 | | FI | | |
| | ARTICLES OF AMENDMENT | 11-13-2013 | | FI | Name | |
| | AMENDED ANNUAL REPORT | 01-03-2013 | | FI | | |
| | AMNDMT TO ANNUAL RPT/INFO STATEMENT | 08-15-2012 | | FI | Agent | |
| | CHANGE OF REGISTERED AGENT/ADDRESS | 03-07-2012 | | FI | Agent | |
| | ARTICLES OF ORGANIZATION | 01-17-2012 | | FI | Agent | |

**EXHIBIT D - Page 2 of 4**

Case 22-31873-thp11    Doc 125    Filed 07/07/23

About Us | Announcements | Laws & Rules | Feedback
Policy | SOS Home | Oregon Blue Book | Oregon.gov

For comments or suggestions regarding the operation of this site,
please contact : corporation.division@sos.oregon.gov

© 2023  Oregon Secretary of State.  All Rights Reserved.

Case 22-31873-thp11    Doc 125    Filed 07/07/23

84/74 8105



**Articles of Amendment/Dissolution - Limited Liability Company**

Secretary of State - Corporation Division - 255 Capitol St. NE, Suite 151 - Salem, OR 97310-1327 - http://www.FilinginOregon.com - Phone: (503) 986-2200

**Check the appropriate box below:**

■ **ARTICLES OF AMENDMENT**
(Complete only 1, 2, 3, 6)

☐ **ARTICLES OF DISSOLUTION**
(Complete only 4, 5, 6)

REGISTRY NUMBER: 827230-90

# FILED

NOV 1 3 2013

OREGON
SECRETARY OF STATE

In accordance with Oregon Revised Statute 192.410-192.490, the information on this application is public record.
We must release this information to all parties upon request and it will be posted on our website.

For office use only

Please Type or Print Legibly in Black Ink.  Attach Additional Sheet if Necessary.

## ARTICLES OF AMENDMENT ONLY

1) ENTITY NAME:

**Big Blue Capital, LLC**

2) THE FOLLOWING AMENDMENT(S) TO THE ARTICLES OF ORGANIZATION IS MADE HEREBY: (State the article number(s) and set forth the article(s) as it is amended to read.)

<u>On November 4, 2013, the members of Big Blue Capital, LLC unanimously voted to change the legal name of the entity to The RenX Group, LLC, effective immediately.</u>

3) PLEASE CHECK THE APPROPRIATE STATEMENT:

☐ This amendment was adopted by the manager(s) without member action. Member action was not required.

Date of adoption of each amendment: _____

■ This amendment(s) was approved by the members. **100** percent of the members approved the amendment(s).

Date of adoption of each amendment: **11/4/2013**

## ARTICLES OF DISSOLUTION ONLY

4) NAME OF LIMITED LIABILITY COMPANY: _____

5) DATE OF DISSOLUTION: _____

6) EXECUTION: (Must be signed by at least one member or manager.)
By my signature, I declare as an authorized authority, that this filing has been examined by me and is, to the best of my knowledge and belief, true, correct, and complete. Making false statements in this document is against the law and may be penalized by fines, imprisonment or both.

| Signature: | Printed Name: TRACEY BARON | Title: MANAGER/OWNER |
|---|---|---|

RENX GROUP, LLC



82723090-14745266    AMDART

**FEES**

Required Processing Fee   $100

No Fee for Member/Manager Change Only.

Processing Fees are nonrefundable.  Please make check payable to "Corporation Division."

Free copies are available at FilinginOregon.com, using the Business Name Search program.

101 - Articles of Amendment Dissolution - Limited Liability Company (03/12)

**EXHIBIT D - Page 4 of 4**

CERTIFICATE - TRUE COPY

DATE:        July 7, 2023

DOCUMENT:   DECLARATION OF MICHELLE BARON IN SUPPORT OF
            OBJECTION TO CLAIM NO. 2 OF LAKE OSWEGO CORPORATION

I hereby certify that I prepared the foregoing copy of the foregoing named document and have carefully compared the same with the original thereof and it is a correct copy therefrom and of the whole thereof.

CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing on:

Blue Moon Property Group, LLC
Attn: Ronald Sapp
17600 Pacific Hwy Unit 338
Marylhurst, OR 97036

by mailing a copy of the above-named document to each of the above in a sealed envelope addressed to the last known address.  Each envelope was deposited into the postal system at Portland, Oregon, on the below date, postage prepaid.

I hereby certify that the foregoing was served on all CM/ECF participants through the Court's Case Management/Electronic Case File system on the date set forth below.

Dated:  July 7, 2023            VANDEN BOS & CHAPMAN, LLP


By:/s/Douglas R. Ricks_____
    Douglas R. Ricks, OSB #044026
    Christopher N. Coyle, OSB #073501
    Of Attorneys for Debtor-in-Possession